(112 So. 341)

**BRANSFORD v. GLENNON et al.**
**(1 Div. 426.)**

Supreme Court of Alabama.    April 14, 1927.

Appeal and error ☞1078(1)—Numerous assignments of error held waived, where appellant's brief made no reference to any of them (Supreme Court rule 10).

Where appellant's brief made no reference to any of 29 assignments of error, all assignments are deemed waived in view of Supreme Court rule 10, for, while such rule will be liberally construed where litigants show substantial compliance, it will not be completely nullified.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by James K. Glennon and another against the First National Bank of Mobile, in which Johnson Bransford was substituted as the sole party defendant by agreement. Judgment for plaintiffs, and defendant appeals. Affirmed.

Gaillard, Mahorner & Arnold, of Mobile, for appellant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In view of the decision, it is not necessary that brief be here set out.

Harry T. Smith & Caffey, of Mobile, for appellees.

The appellant having argued none of the assignments of error, the case should be affirmed. Supreme Court rule 10, 4 Code 1923, p. 882; Cairnes v. Hillman, 214 Ala. 545, 108 So. 362; Nelson v. Atkins, 215 Ala. 76, 109 So. 166; Birmingham News v. Collier, 212 Ala. 655, 103 So. 839; Morgan v. Va.-Car. Chem. Co., 213 Ala. 551, 106 So. 136; Marengo County v. Barley, 209 Ala. 663, 96 So. 753.

SOMERVILLE, J. The action is on common counts for money due to the plaintiff. The original defendant, the First National Bank of Mobile, had received $2,000 from the plaintiff to be held on deposit; but, upon being notified by Bransford Realty Company and Johnson Bransford that they claimed the fund, the bank withheld payment to the depositor, and after suit was filed against it suggested those parties as claimants. The Realty Company disclaimed, and by agreement Johnson Bransford was substituted for the bank as sole party defendant.

The $2,000 in question was money paid to plaintiffs either by Johnson Bransford, or by Bransford Realty Company of which he was the president, for an option to purchase 306 shares of corporate stock of the Montrose Hotel Company, representing in full the assets of the company consisting of real estate. Plaintiffs' claim is that the money, under the terms of the option contract, which was not exercised by the purchaser, became the property of plaintiffs. The defendant, Bransford, claims it by virtue of plaintiffs' breach—as alleged—of their obligation to furnish to the optionee an abstract of title showing a title that was satisfactory.

The record exhibits 29 assignments of error, all based upon rulings on the evidence. The brief for appellant makes no reference whatever to any of these assignments, sets out nothing in explanation or illustration of the rulings assigned, and, indeed, does not refer to any of the rulings in any way. Under the head of "Propositions and Authorities," the brief states abstractly 8 separate propositions of law, all but one of which relate either to the sufficiency of an abstract of title, or to the admissibility of parol evidence to aid in the interpretation or construction of a written contract.

Supreme Court rule 10 (Code 1923, vol. 4, p. 882) declares:

"Appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages of the transcript. * * * Following this statement, the brief shall contain, under a separate heading, of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration. * * .* "

Speaking of rule 10 (as formerly framed, Code 1907, p. 1508) we have said:

"We are not at all disposed to a strict construction of such rules, but are rather inclined to construe them liberally in favor of litigants who show substantial compliance with their terms. But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested. If the rule is to be enforced at all, and even as construed most liberally, we are of the opinion that in this case we should consider the remaining assignments of error as waived, for the reasons above assigned." Ogburn, etc., Co. v. Orient Ins. Co., 188 Ala. 218, 224, 66 So. 434, 435.

Where there were only a few assignments of error—reference to them by number being unnecessary to a clear application of the principles stated and argued, to the rulings complained of—the omission of such a reference has been condoned. Brothers v. Brothers, 208 Ala. 258, 94 So. 175.

The brief here presented is too radically deficient to be considered as a valid argument of the errors assigned on the record, without a complete nullification of the rule. We think the substance of the rule is worth preserving, and it can be preserved only by its enforcement; viz., by holding that in this case all assignments of error are waived. In that view, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.