78 So.2d 290

## CENTRAL OF GEORGIA RAILWAY CO.

v.

### Ralph McDANIEL.

4 Div. 814.

Supreme Court of Alabama.

Feb. 24, 1955.

Grady G. Cleveland, Jr., Eufaula, for appellant.

Archie I. Grubb and Sam A. LeMaistre, Eufaula, for appellee.

PER CURIAM.

This is an appeal from a judgment in favor of plaintiff on a claim for personal injuries, for which defendant was adjudged to be liable in damages. This case was tried and judgment rendered in the same court as judgment was rendered on the following ·day in the case of Central of Georgia Railroad Co. v. Hinson, ante, p. 223, 78 So.2d 286, now before this Court.

In the Hinson case we were called upon to dismiss the appeal for certain reasons which are similar to those made on this appeal. We there discussed the questions involved in the motion to dismiss the appeal in the instant case and found the grounds not well taken. So that the motion to dismiss this appeal should be overruled.

■■ The first four assignments of error do not refer to any ruling of the court. It is of course only a ruling of the court which is subject to an assignment of error, and therefore those assignments will be disregarded.

■ The fifth assignment is the only one which relates to a ruling of the court. It is in overruling appellant's motion for a new trial. For reasons which we will now undertake to show that ruling was void because beyond the power and jurisdiction of the court. The facts material to that question are that the final judgment was rendered January 13, 1954. The motion for a new trial was filed February 1, 1954. Notice was given that it would be heard on February 11, 1954, within thirty days after the judgment. But it was not heard on that day, which is shown by the transcript on appeal, and no order was ·entered during the thirty day period continuing the hearing to a future day as authorized in section 119, Title 13, Code. It is necessary for such an order to be made in writing by the trial judge and filed in the cause or deposited with the clerk within thirty days from the judgment, since the trial judge resided in that county (of which we take judicial notice). Ex parte Margart, 207 Ala. 604, 93 So. 505; Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716.

It is true that on March 1, 1954, the judge made an order reciting the fact that a hearing of the motion was on February 11, 1954 continued to March 1, 1954, but such recital is not sufficient. The transcript in this Court must contain a copy of such order made by the judge and filed or deposited with the clerk within the thirty day period.

The order of March 1, 1954 also recites the fact that on that day the parties appeared. That means all the parties. No objection is noted to the judge hearing the motion on that day. But the court had lost jurisdiction by the failure to enter an order within thirty days continuing it for hearing at a future day as required by the statute, supra. This Court has held that under those circumstances the parties cannot confer jurisdiction by consent. Pate v. State, 244 Ala. 396, 14 So.2d 251.

So that, the order of the court overruling the motion for a new trial was beyond the jurisdiction of the court and was void and not subject to review. There being no other ruling of the court assigned as error, the judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

The motion to dismiss the appeal is overruled: the judgment is affirmed.

All the Justices concur.