86 So.2d 294

### Beulah STIDHAM

v.

### Forbie Lee STIDHAM.

8 Div. 830.

Supreme Court of Alabama.

March 22, 1956.

Potts & Young, Florence, for appellant.

Bradshaw, Barnett & Haltom, Geo. E. Barnett, Jr., Florence, for appellee.

MERRILL, Justice.

Appellee sued appellant for a divorce, alleging cruelty. The trial court, after taking the testimony ore tenus, granted the divorce on that ground, awarded alimony to appellant and required appellee to pay an attorneys' fee for appellant under her cross bill. The only question presented on the merits is the sufficiency of the evidence to support the decree of divorce.

■ We have carefully considered the evidence in consultation and are of the opinion that it is adequate, if believed, to justify the decree granting the divorce. What was said in McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602, 603, is applicable here:

"We prefer to engage in no detailed discussion of the evidence, as it would but serve to place in bold relief this domestic unhappiness, and no useful purpose would be subserved thereby. Such has been the policy of this court since the passage of the Act of 1915, p. 594. [Code 1940 Title 13, Sec. 66.]" See Smith v. Smith, 248 Ala. 540, 28 So.2d 637; James v. James, 242 Ala. 140, 5 So.2d 616; Davis v. Davis, 241 Ala. 385, 2 So.2d 780.

■ Appellee filed a motion to dismiss the appeal because of the inadequacy of the single assignment of error, but we do not consider the motion. The failure to assign any errors or an inadequate assignment of errors requires the affirmance of the judgment below. Nichols v. Hardegree, 202 Ala. 132, 79 So. 598; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

It is our conclusion that the cause should be and is affirmed on the merits.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.