87 So.2d 623

James E. KING, Jr.

v.

James E. JACKSON, Jr. (two cases).

6 Div. 952, 953.

Supreme Court of Alabama.

May 24, 1956.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

J. Edmund Odum and John T. Batten, Birmingham, for appellants.

**342**

LAWSON, Justice.

Around 5 o'clock on the afternoon of June 22, 1954, James E. King, Jr., a little boy four years of age, while crossing a public street in the city of Birmingham came in collision with a motor vehicle driven by James E. Jackson, Jr., and as a consequence "Jimmy" King received rather serious injuries.

The boy and his father each brought suit against Jackson. The boy sued by his father and next friend claiming damages for personal injuries. The father, James E. King, Sr., claimed damages for loss of services of his minor son and expenses incident to the treatment of his injuries. Both complaints charged the defendant with negligence. In both cases the defendant pleaded the general issue in short by consent in the usual form. The two cases were consolidated and tried together under the statute which authorizes circuit courts in counties of 300,000 or more population to consolidate pending cases of like nature. § 221, Title 7, Code 1940.

The trial resulted in separate verdicts in favor of the defendant. Separate judgments followed the verdicts. Plaintiffs filed their motions for new trials, which were overruled, and they separately appeal to this court. The appeals were consolidated and submitted here on one record.

■ In brief filed here on behalf of appellants, it is argued that we should reverse the trial court because of its failure to grant new trials on the ground that the verdicts were contrary to the great weight of the evidence and on those grounds setting up newly discovered evidence. But the rulings of the trial court on the motions for new trials are not before us since there is no assignment of error challenging the action of the trial court in overruling and denying those motions. Apparently

counsel for appellants assumes that the first five assignments of error, which the reporter has set out in the report of the case, are sufficient to present for our review the trial court's action on the motions for new trial. Those assignments of error are not adequate in that regard. The holdings of this court are to the effect that such assignments of error present nothing for our review since they do not allege error for failure to grant the motions for new trials nor do they allege error by the trial court in any respect. Life & Casualty Ins. Co. of Tenn. v. Womack, 228 Ala. 70, 151 So. 880; Central of Ga. Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Roan v. McCaleb, Ala.Sup., 84 So.2d 358[1]. The opinions in the two cases last cited do not show the assignments of error which we held to be inefficacious because they failed to refer to any ruling of the trial court. However, an examination of the original transcripts reveals that such assignments of error are in all material respects the same as the first five assignments of error in the instant case.

Although there is no assignment of error sufficient to present for our review the rulings of the trial court on the motions for new trials, we feel justified in saying that we have carefully examined all the evidence presented below and that we are clear to the conclusion that if proper assignments of error had been made, under the rule of our cases we would not hold that the trial court erred in overruling and denying the motions for new trials on the grounds which appellants here insist were well taken. Louisville & N. R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288, and cases cited.

■ The sixth assignment of error reads: "For that the Court required Plaintiffs-Appellants to proceed with the trial of the cases after a witness, Leon Hollis, *subpoened* and present in the Court room, left the Court without being discharged according to law and without notifying the Court or the Plaintiffs'-Appellants' Attorney."

1. Ante, p. 31.

The record before us shows that after the defendant rested his case the following colloquy took place between the trial court and Mr. Odum, counsel for the plaintiffs below:

"Mr. Odum. Your Honor, I have a witness who was here this morning. He has gone. I want to use him.

"The Court. Where has he gone?

"Mr. Odum. I think he has gone home.

"The Court. How long will he be gone?

"Mr. Odum. He will be gone long enough for us to go to lunch and come back.

"The Court. Is he a lengthy witness?

"Mr. Odum. No, sir. I will ask him about five questions.

"The Court. Gentlemen, suppose we take a recess now until 1:15."

The foregoing is all that appears in this record which in any way relates to an absent witness. The record contains no ruling of the court adverse to the plaintiffs below in regard to a witness subpoenaed by either party. According to the record, when court reconvened after the lunch recess counsel for the plaintiffs proceeded to argue the cases to the jury without making any request of the trial court that he be permitted to produce the witness identified in the sixth assignment of error as Leon Hollis. For aught that appears plaintiffs had completely abandoned any idea of calling the witness Hollis or any other witness. This court will not consider questions not raised and passed upon in the court below. Penn Mut. Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346.

The giving of Charges 4 and 5 at the request of the defendant, the basis of Assignments of Error 7 and 8, did not constitute reversible error. These charges are "unavoidable accident" charges and although the better practice is to refuse charges of that type because of their tendency to confuse and mislead, it is not reversible error for such charges to be given. Nelson v. Lee, 249 Ala. 549, 32 So.2d 22; Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 31 So.2d 75; Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516.

In Assignment of Error 9 appellants complain of the trial court's action in giving the defendant's requested Charge 9. Unquestionably the statement contained in the charge is correct, but even if it be said that the charge is incomplete and misleading its giving would not work a reversal. Certain it is that we cannot say that the giving of Charge 9 probably injuriously affected substantial rights of the appellants. Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5.

In the case of Bahakel v. Great Southern Trucking Co., supra, it was held that it was not reversible error to give a charge almost identical with Charge 12 given at the request of the defendant in these cases, which is made the basis of Assignment of Error No. 10. It was pointed out in the Bahakel case, supra, that such a charge is at most misleading and that the giving of it does not constitute reversible error.

We have considered all of the assignments of error and are clearly of the opinion that the judgments should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.