93 So.2d 138

**J. J. CLARK**

v.

**Durel HUDSON.**

**4 Div. 875.**

Supreme Court of Alabama.

Dec. 21, 1956.

Rehearing Denied March 14, 1957.

Albert L. Rankin and Albrittons & Rankin, Andalusia, for appellant.

Frank J. Tipler, Jr., Andalusia, for appellee.

SIMPSON, Justice.

The plaintiff recovered a judgment against the defendant in a personal injury action in the amount of $11,000. The case went to the jury on the complaint of simple negligence, the defendant's plea of recoupment and a plea of general issue. We will treat the propositions advanced as error in the order argued in appellant's brief.

■ Appellant contends that the appellee was guilty of contributory negligence thereby entitling him to the affirmative charge. The evidence on this issue was not entirely free of doubt or adverse inference so the question was properly submitted to the jury. Alabama Power Co. v. Irwin, 260 Ala. 673, 72 So.2d 300; Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596.

■ It is next insisted that the verdict was excessive. There was evidence for the plaintiff which showed compensable damages as follows:

Back injury (which may be permanent).

Physical pain and suffering.

Loss of earnings.

Damage to automobile—$800.

Medical expenses—$463.

The rule has often been stated that a jury award of damages cannot be disturbed unless so excessive or grossly inadequate as to indicate passion, prejudice, corruption or mistake. Montgomery City Lines v. Davis, 261 Ala. 491, 74 So.2d 923; Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Luquire Funeral

Homes Ins. Co. v. Turner, 235 Ala. 305, 178 So. 536. In view of the compensable damages shown and the possibility of a permanent back injury with attendant pain and suffering, we are unwilling to say that the jury's verdict was so tainted.

■ It is argued that the verdict was contrary to the great weight of the evidence. We will not burden the opinion with a recital of much of the facts, but are content to say that the verdict was sustained by the evidence. The evidence for the plaintiff goes to show that the defendant, a rural mail carrier, was in the middle of the highway not looking ahead but looking at some letters in his hand and proceeding across the highway to a mailbox on the left side, when plaintiff coming in the opposite direction at a lawful rate of speed ran into the ditch on the side of the road in order to avoid the collision. Therefore, we cannot say with any degree of certainty the verdict was against the great weight of the evidence. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Hamilton v. Browning, 257 Ala. 72, 57 So. 2d 530; Smith v. Smith, 254 Ala. 404, 48 So.2d 546. And when the presiding judge, as here, has refused to grant the new trial, the presumption in favor of the correctness of the verdict is thereby strengthened. Hamilton v. Browning, supra; Smith's case, supra.

■ The appellant complains that the matter of insurance was improperly injected into the trial of the case in three instances. For an account of the first, we quote from the record.

"The Court: All you gentlemen who stood up awhile ago and said you were policy holders of the Bureau are disqualified to sit on the case.

"Mr. Rankin: We object to the disqualification of the above jurors.

"The Court: Let the record show that counsel for the plaintiff requested the Court to challenge the jurors who are policy holders in the Farm Bureau Casualty Insurance Company, and also that the defendant excepted to the action of the court in challenging said jurors."

The plaintiff was entitled, upon his seasonable and proper motion, to have the jurors, from whom the trial jury was to be selected, qualified as their relation to, or interest in, any insurance company which would be liable, in whole, or in part, for any judgment that might be rendered against the defendant. The assigned errors directed at the court's rulings in the qualification of the jurors are, therefore, not well taken. Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212.

■■ The second mention of insurance was by the plaintiff while he was on the stand. In response to an innocent question the plaintiff said:

"After I got out of the hospital I came up and presented the bill and told them how much it was at the *Farm Bureau,* and they didn't talk too much in settling." (Emphasis supplied.)

The court sustained the defendant's objection but refused to declare a mistrial. No motion was made by the appellant for any other action or to exclude the matter from the jury. When insurance is injected into the case by irresponsive testimony to a proper question, our cases hold that the prejudicial effect of such evidence may be eradicated by proper instructions and that it is not error for the trial court to refuse a mistrial. Wagnon v. Patterson, supra; Cannon v. Scarborough, 223 Ala. 674, 137 So. 900. It is to be observed also that in the absence of a motion to exclude the alleged prejudicial matter and an adverse ruling by the trial court upon said motion nothing is invited for review. Thorne v. Parrish, ante, p. 193, 90 So.2d 781, and cases cited.

■ The third alleged injection of insurance was in the appellee's argument to the jury to the effect that the appellant

"wouldn't have to pay for it." The appellant objected to the argument and the trial judge instructed the jury not to consider "that part of argument of counsel that Mr. Clark wouldn't have to pay for it." That ruling of the trial court was in the appellant's favor, and the appellant did nothing further to invoke a ruling from the court on the alleged improper argument, therefore, the improper argument is not up for review.

Had the appellant assigned the improper argument as grounds for his motion for new trial and gotten an adverse ruling of the trial judge on his motion, then said adverse ruling would be subject to review.

■ Referring to a similar argument in Pearson v. Birmingham Transit Co., 264 Ala. 350, 353, 87 So.2d 857, 859, we said:

"With reference to an argument made by counsel emphasizing the existence of insurance carried by his opponent covering the transaction, this Court has taken the position that its influence is ineradicable, Standridge v. Martin, 203 Ala. 486, 84 So. 266; Colquett v. Williams, [264 Ala. 214] 86 So.2d 381, and therefore it is not incumbent upon his adversary to move the court for a mistrial, *but he has the privilege of waiting until there is an adverse verdict and then move for a new trial.*" (Emphasis supplied.)

As indicated above, the appellant in the instant case did not include the prejudicial argument as grounds in his motion for new trial. Improper argument of counsel is not before us on appeal, when there was no adverse ruling of the trial court on the point, either during the trial or on motion for a new trial. Washington v. State, 259 Ala. 104, 65 So.2d 704. Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Central of Georgia Ry. Co. v. Mc-Daniel, 262 Ala. 227, 78 So.2d 290.

■ Assignment of errors 1, 31 and 32 are addressed to the court's action in permitting counsel for the plaintiff to display before the jury and use in his final argument a prepared chart itemizing appellee's purported damages. This chart was about four feet high and two feet wide, with prominent letters and figures thereon, showing a breakdown of the total damages claimed by the plaintiff.

As far as we know this court has never passed upon the use of such a chart, but we see no difference in having the alleged elements of damages written on a prepared chart and having the same written upon a blackboard. We have approved the use of a blackboard showing claimed damages by counsel for the plaintiff in his argument to the jury. Lauderdale County Cooperative v. Lansdell, 263 Ala. 557, 83 So.2d 201. The use of a blackboard for the purpose of illustrating testimony has been held to be within the sound discretion of the trial court. Crocker v. Lee, 261 Ala. 439, 74 So. 2d 429. Properly used, the graphic illustration of testimony by maps, charts, diagrams, etc., has been said to be of aid to the jury. Crocker v. Lee, supra.

Speaking of the use of a drawing that was not in evidence by counsel in his argument to the jury in Hardy v. Randall, 173 Ala. 516, 521, 55 So. 997, 998, we stated:

"It is a matter of discretion of the trial court whether counsel will be permitted on objection to explain the facts in controversy by reference to a map or drawing that has not been proven to be correct or that has not been admitted in evidence; for abuse only will it be revised."

The Mississippi Supreme Court has approved the use of charts similar to the chart used in the instant case. Brown-Miller Co. v. Howell, Miss., 79 So.2d 818; Four-County Electric Power Ass'n v. Clardy, 221 Miss. 403, 73 So.2d 144, 44 A.L.R.2d 1191. In view of the fact that the trial court thoroughly instructed the jury as to their consideration of the chart, no abuse of the trial court's discretion is shown in allowing use of the chart in the instant case.

 Assignment of error number 9 complains of the admission into evidence, over the objection of the appellant, of the mortality tables. Where there is evidence from which there is a reasonable inference that plaintiff's injuries are permanent, the American Experience and Commissioners Standard Ordinary Mortality tables as printed in the bound Acts of Alabama are admissible in evidence. The factfinders could have drawn such an inference in the case sub judice making the mortality tables admissible. Louisville & N. R. Co. v. Steel, 257 Ala. 474, 59 So.2d 644; Southern Ry. Co. v. Cunningham, 152 Ala. 147, 44 So. 658; Birmingham Mineral R. Co. v. Wilmer, 97 Ala. 165, 11 So. 886; Acts of Alabama, Vol. I, 1953, Act No. 457, page 562.

The last point to be considered is the exclusion of the testimony of Dr. Palmer, orthopedic surgeon, of what Dr. Stickley, radiologist, not a witness in the case, had told him about the plaintiff's injuries. Dr. Palmer had some x-rays taken of plaintiff's back and requested Dr. Stickley to give him an opinion with respect to these x-rays and interpret them for him. This Dr. Stickley did, and his written opinion was a part of Dr. Palmer's files as a part of the history of the case. On seasonable objection by the plaintiff the court excluded this testimony as hearsay. The holding was proper. The recent case of Prince v. Lowe, 263 Ala. 410, 82 So.2d 606, settled the law in this state that testimony of this character as well as testimony of what a board or committee of examiners might have decided with respect to a person's injuries was hearsay. Our early case of Hussey v. State, 87 Ala. 121, 6 So. 420, ruled to this effect, whereas our later case of Grammer v. State, 239 Ala. 633, 196 So. 268, held admissible testimony of a witness physician as to the conclusions of the members of the medical staff of a hospital as to the defendant's condition as part of the res gestae where such conclusions were expressed in staff conferences and examinations of defendant. While the writer of this opinion advocated sustaining the holding of Grammer in

Prince v. Lowe, the majority of the court held to the view that Grammer should be overruled and the Hussey case followed. In order to settle the matter it is now the view of the court that such testimony is inadmissible as hearsay and should be so ruled on the basis of the Hussey and Prince cases.

We find no error to reverse.

Affirmed.

All the Justices concur except LIVINGSTON, C. J., who still holds to the view that the Grammer case should be followed and the holding of Prince v. Lowe and Hussey be repudiated.