95 So.2d 921

**Hilda MULKIN**

v.

**McDONOUGH CONSTRUCTION COM-
PANY OF GEORGIA.**

**6 Div. 67.**

Supreme Court of Alabama.

May 9, 1957.

Rehearing Denied June 20, 1957.

J. Edmund Odum and John T. Batten, Birmingham, for appellant.

Huie, Fernambucq & Stewart, Birmingham, for appellee.

MERRILL, Justice.

Appellant sued appellee for alleged injuries to her combination residence and

store building, known as the Pittsburg Grocery, at Robinwood Station in Jefferson County. The complaint as last amended contained six counts, three charging simple negligence, two wantonness and one trespass. The alleged injuries were claimed to have resulted from blasting operations which appellee was conducting while excavating a ditch for a gas main in the street near the property of appellant.

The cause was submitted to the jury on all six counts and verdict was for the defendant. Appellant's motion for a new trial was overruled, and she appealed.

■ The argued assignments of error are listed in brief of appellant. The first two read:

"1. The verdict of the jury is contrary to the evidence.

"2. The verdict of the jury is contrary to law."

These are not adequate assignments of error; they allege no error on the part of the trial court. Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Clark v. Hudson, Ala., 93 So.2d 138 [1]; King v. Jackson, 264 Ala. 339, 87 So.2d 623; Central of Georgia R. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Life & Casualty Insurance Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880. However, the last assignment of error is a proper one. It states that the court erred in overruling appellant's motion for a new trial. This assignment of error brings up all questions of law and fact sufficiently set forth in the motion and argued on appeal. Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358. The motion for a new trial contained grounds identical to the attempted assignments of error, numbered 1 and 2, supra, so we consider these grounds under the last assignment of error.

Appellant's store occupied the first floor of the building and the living quarters were on the second floor. The construction was of concrete blocks on a cement foundation. There is no question but that there was a wide crack in the wall of the building and some large plaster cracks inside; there were places where the sheet rock had torn loose and leaks in the roof where the crack in the wall had appeared at the junction with the flashing. Appellant adduced evidence that these defects were the result of two dynamite blasts set off by defendant while excavating for the gas line. Appellee's evidence was to the effect that the injuries were not caused by the blasting, but by the subsidence or settling of one corner of the building, and that the cracks in the wall existed prior to the blasting.

■ This decided conflict in the evidence could have been decided either way. The jury decided the issue in favor of the appellee. The verdict was not contrary to the evidence.

Appellant argues that the verdict was contrary to law in connection with the trespass count. Appellant insists that the jury verdict was contrary to the following part of the court's oral instructions, which, it is conceded, correctly states the law:

"* * * This last count, Count C, the trespass count, the one charging simply that stones and debris were thrown on the property and on the building. That is not based on a charge of negligence or a charge of wantonness. It is just based on a simple charge that the defendant was engaged in blasting and that rocks and debris were actually thrown on the property. That would not require the proof of negligence or wantonness as to that particular count, the count charging that rocks were thrown on the property and that certain specific damage directly resulted from the throwing of the rocks and the debris on the property. Now, as to that count you would not have to find there was negligence. In other words, there would be liability

whether there was negligence or not. If a person blasts and throws rocks on another person's property, then he would be liable whether he used due care or not. That is just the law as to that particular situation."

Appellant's evidence was to the effect that stones and debris were thrown on her building and property as a result of the blasting in the street, and that a blasting mat was not used when one of the blasts was set off. But appellee adduced evidence from which the jury could reasonably infer that no stones or debris were thrown on appellee's property and that the blasting mat was used on all occasions of blasting.

■ The jury, confronted with this conflict, chose to believe appellee's witnesses. This was the jury's prerogative and the exercise of it was not contrary to law. Conflicting statements are for the jury's determination, Pound v. Gaulding, 237 Ala. 387, 187 So. 468, and the credibility of testimony is for the jury. Liberty National Life Insurance Co. v. House, 242 Ala. 322, 6 So.2d 412.

■ Where there is evidence on both sides, or some evidence supports the verdict, it should not be set aside because it may not correspond with the opinion of the court as to the weight of the testimony or because it is against the mere preponderance of the evidence. Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799.

Also, we have said that where there is evidence, which, if believed, justified the verdict, the motion for a new trial is properly overruled. Atlantic Coast Line R. Co. v. Dunivant, 265 Ala. 420, 91 So.2d 670.

The motion for a new trial was properly overruled. Authorities supra.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.