144 So.2d 8

**Dozier VICKERS et ux.**

v.

**Etta VICKERS.**

**1 Div. 48.**

Supreme Court of Alabama.

Aug. 30, 1962.

Fred F. Smith, Jr., Prichard, for appellants.

Harry Seale, Mobile, for appellee.

HARWOOD, Justice.

Appellee filed a bill of complaint for specific performance against appellants, her son and his wife, alleging that she had purchased a house and three lots from them for $4,000, that she had been placed in possession of the property and that the deed should have conveyed "to her full and complete legal title," but the deed in fact only conveyed to her a life estate in the property; that she had made demand on the defendants that they give her the deed agreed upon, and they refused.

Demurrer to the bill was overruled, answer was filed and testimony taken before the trial court. Appellants were ordered to convey full title to complainant within five days from the date of the decree, and in the event they failed so to do, the register was ordered to execute such a deed for and in behalf of the defendants. This appeal followed.

The first assignment of error is that the court erred in overruling the demurrer to the bill on the ground that there was no equity in the bill. Appellants argue that the allegations of fraud do not sufficiently set out the facts constituting the fraud.

Conceding, without deciding, that this contention is correct, it cannot be applied here. The demurrer was addressed to "the complainants' Bill and separately and severally to each count and aspect thereof." When so, the demurrer is to the bill as a whole. Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844. The demurrer was

also overruled generally. The effect of such a ruling was a ruling on the demurrer to the bill as a whole, Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, and only those grounds going to the bill as a whole which are argued in brief will be considered on review. Haavik v. Farnell, 264 Ala. 326, 87 So.2d 629. Since the bill here stated an equitable right to relief in specific performance, the demurrer was properly overruled. Dean v. Clark, 270 Ala. 55, 116 So. 2d 379. Moreover, even though the bill may not have sufficiently alleged fraud, the ground of demurrer that there is no equity in the bill will not reach the defect when the bill, as here, contains a general allegation of fraud. Summers v. Summers, 218 Ala. 420, 118 So. 912.

Assignment of error four charges that the court erred in overruling the demurrer on the ground that the bill was barred by laches. The bill shows that the deed to the life estate was executed and delivered to appellee on January 21, 1956, but the suit was not filed until February 24, 1961. The bill alleged that complainant was "old and unable to read and write but meagerly, and she relied on the representation of the Defendants that the instrument so prepared and executed by them conveyed to her full legal title to such property and accepted the deed and paid the consideration therefor * * *."

In brief appellants argue matters of evidence in support of this assignment of error, but the ground is limited to the bill of complaint, and the only element of laches shown in the bill is passage of time.

■ Mere delay that has wrought no disadvantage to another, or that has not operated to introduce changes or conditions and circumstances in consequence of which there can be no longer a safe determination of the controversy, will not serve to bar a complainant's right or remedy. Woods v. Sanders, 247 Ala. 492, 25 So.2d 141.

In view of the fact that there is nothing in the bill of complaint to show that injury has resulted to the appellants, or any of the other heirs of appellee, by her delay in filing her bill, the doctrine of laches does not bar her, and is not a good ground of demurrer. It is only where the bill shows laches on its face that a demurrer may take the point. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Craig v. Root, 247 Ala. 479, 25 So.2d 147. The ground of demurrer which is the basis of assignment of error four was properly overruled.

■ Assignment of error thirteen reads:

"The Court committed prejudicial error for that the verdict of the Court is contrary to the law and the evidence in the case."

This is not a proper assignment of error. Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Mulkin v. McDonough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921; Thompson v. State, 267 Ala. 22, 99 So.2d 198; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

■ Assignment of error fifteen reads:

"The Court committed prejudicial error in allowing to the Appellee the relief prayed for by the Appellee in her Bill of Complaint for that the said Decree is unsupported by the testimony and the evidence."

This assignment of error is not sufficient. In Life & Casualty Ins. Co. of Tenn. v. Womack, 228 Ala. 70, 151 So. 880, we said:

"Assignment of error No. 1, considered by the Court of Appeals, and presented in the petition for certiorari, reads: 'There is no evidence to support the verdict and judgment of the Lower Court.'

"Appellate courts review only questions reserved on the trial, and reverse the lower court only for errors of the court to the prejudice of appellant. The assignment above quoted alleges no error in the trial court. As well known, our statute forbids the trial

court giving the jury any charge on the effect of the evidence except upon request in writing. The assignment does not allege error for failure to give any such charge, nor for failure to grant a motion for new trial."

The evidence was in direct conflict. Some of the six children present at the trial testified for their mother, some for their brother. Appellants produced evidence that the property was worth $8,000 when conveyed to appellee, while appellee's witness testified it was not worth over $3,000. The trial court heard and observed the witnesses and chose to believe appellee and her witnesses.

 Where the testimony is given ore tenus, the judgment or decree of the trial court has the effect of a jury verdict, and will not be disturbed upon appeal unless plainly wrong, and the reviewing court will not substitute its own judgment for that of the trier of facts, even though this court might have reached a different conclusion. Kyser v. Doan, 271 Ala. 229, 122 So.2d 764; Whiteside v. Brown, 266 Ala. 27, 93 So.2d 747. Applying this rule, we cannot say that the decree of the trial court was manifestly wrong.

Assignment of error five is not clear and definite. "When the assignment of error is uncertain and indefinite as to the particular error complained of, this court will decline to consider it." Giardina v. Stagg, 214 Ala. 301, 107 So. 857, and cases there cited. See also, Globe & Rutgers Fire Ins. Co. v. Jones, 213 Ala. 656, 106 So. 172; Beasley-Bennett Electric Co. v. Gulf Coast Chapter, etc., ante, p. 32, 134 So.2d 427; Orso v. Cater, 272 Ala. 657, 133 So.2d 864.

From the filing of this case in circuit court, up to and including its submission here, the name of the complainant-appellee has been and is listed as Etta Vickers. She testified that her name is Eddie Vickers and the deed conveying the life estate was made to Eddie Vickers. Some reference in the deed to appellee should be made to the fact that the Etta Vickers in this suit, and Eddie Vickers to whom the deed is made, is one and the same person. This will avoid irregularity in a future abstract of the property.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.