150 So.2d 677

## NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE

v.

## STATE of Alabama.

3 Div. 996.

Supreme Court of Alabama.

Feb. 28, 1963.

Fred D. Gray, Montgomery, Robt. L. Carter and Maria L. Marcus, New York City, Arthur D. Shores, Orzell Billingsley, Jr., and Peter A. Hall, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Gordon Madison, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This appeal is from a final decree of the Circuit Court of Montgomery County, in Equity, dissolving a previously issued temporary injunction, but permanently enjoining and restraining appellant from conducting intrastate business in Alabama, and ousting appellant from this State. The decree was entered on December 29, 1961.

This appeal requires an affirmance of the decree of the lower court without a consideration of the merits of the case.

This court has one set of rules for all litigants, and all are treated alike, regardless of whom they may be. We are not a court which treats most litigants one way, but has favored and special treatment for the litigant who comes into court on an alleged racial issue.

Rules of procedure are not traps concocted to evade decisions. Our present rules were framed at the request of the bar and in consultation with a committee of the bar. They were "adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested." Ogburn-Griffin Gro. Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434; Bransford v. Glennon, 216 Ala. 72, 112 So. 341; Wilson v. McClendon, 259 Ala. 382, 66 So.2d 924.

Our determination of this appeal does not require examination beyond appellant's

brief. The brief contains an adequate "Statement of Case," "Statement of Facts" and "Propositions of Law," but it is the "Argument" section which is inadequate.

Supreme Court Rule 9, requires in subsection (d), that the argument section of an appellant's brief contain "argument with respect to errors assigned which counsel desire to insist upon." The rule plainly states that assignments of error are to be argued in the argument section of a brief. The reason for this rule was set out explicitly by the Court of Appeals in De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130, as follows: "The office of an appellate brief is to aid an appellate court to understand quickly the issues involved, and by points, propositions and argument, supported where possible by citation of authority, present to the court the questions in controversy."

■ An assignment of error is an instrument of appellate pleading, Board of Education of Colbert County v. Mitchell, 270 Ala. 594, 121 So.2d 103; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639, and only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal, Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290.

■ Appellant has listed twenty-three assignments of error, but many of them are without merit because they present nothing for review. However, the mere listing of unmeritorious assignments of error is not a violation of any of the rules of appellate procedure, because those "not substantially argued in brief will be deemed waived and will not be considered by the court." Supreme Court Rule 9.

■ However, we have a rule of long standing and frequent application that where unrelated assignments of error are argued together and one is without merit, the others will not be considered. Mize v. Mize, 273 Ala. 369, 141 So.2d 200; Pak-A-Sak of Ala., Inc. v. Lauten, 271 Ala. 276, 123 So.2d 122; McElhaney v. Singleton, 270

Ala. 162, 117 So.2d 375; Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896; Thompson v. State, 267 Ala. 22, 99 So.2d 198; Ford v. Bradford, 218 Ala. 62, 117 So. 429; 2A Ala.Dig., Appeal & Error, ☞736. The reason for this rule is the same as the rule which requires assignments of error to be argued. With all of the volume of work before this court, it is simply a physical impossibility for the justices to go over every transcript of every appeal in civil cases to ascertain if reversible error may be lurking somewhere in the record. Appellants must assist the court in pointing out error if the docket of this court is to be workable. But, for insubstantial or unargued assignments of error to be lumped with seriously contested assignments of error actually makes our task more burdensome than if no assignments of error were made. For in such event, we must not only ascertain whether or not there was reversible error, but then we must comb the record to see if the error was properly raised and preserved. It was to eliminate such that the rules were promulgated.

The argument section of appellant's brief is divided into five different subdivisions, each dealing with the argument of two or more assignments of error.

■ Assignments of error 11 and 16 are argued together in Subsection I. No. 11 reads:

"That the Final Judgment herein entered constitutes a denial to Appellant and its members of the right to freedom of speech and freedom of association secured under the Fourteenth Amendment to the Constitution of the United States."

This statement probably would be adequate as a proposition of law or as a conclusion in an argument, but it is not sufficient as an assignment of error. The office of an assignment of error is not to point out legal contentions but only to inform this court that appellants assign as erroneous certain named rulings. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539; Kin-

non v. Louisville & Nashville R. Co., 187 Ala. 480, 65 So. 397.

A more specific statement was made as to assignment of error No. 17 in Roan v. Smith, 272 Ala. 538, 133 So.2d 224, than as to assignment 11 in the instant case, but we held it insufficient because it not only failed to "state that the court erred," but it did not "show any way in which the court erred."

■ Since assignment of error 11 was without merit and was argued together with unrelated assignment of error 16, neither will be considered by the court. Thompson v. State, 267 Ala. 22, 99 So.2d 198. We do not intimate that assignment No. 16 in the instant case presented anything for review.

In Subsection II of appellant's argument, assignments of error 5, 6 and 7 are argued together. Number 7 is not related to 5 and 6, and reads:

> "The trial Court Judge erred in denying Appellant's Motion to recuse himself (trial Judge) from hearing this cause, and as such it constituted a denial of rights secured Appellant under the equal protection and due process of law clauses of the Fourteenth Amendment to the United States Constitution."

If the refusal of the trial court to recuse himself can be reviewed by this court on this appeal under assignment of error No. 7, it is a proper assignment; but if the question cannot now be considered, the assignment of error is without merit.

Our cases repeatedly hold that the appropriate remedy to require a judge or other judicial officer to recuse himself, or to require him to act when he has recused himself, is mandamus. Hudson v. Sparks, 272 Ala. 203, 129 So.2d 664; Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582; Lindsey v. Lindsey, 229 Ala. 578, 158 So. 522; McConnell v. Goodwin, 189 Ala. 390, 66 So. 675, Ann.Cas.1917A, 839; Ex parte State Bar Association, 92 Ala. 113, 8 So. 768, 12 L.R.A. 134.

In the last cited case, this court, speaking through McClellan, J., decided that mandamus was the proper remedy, and said that the point "appears to be too well settled by the authorities to justify, or even admit, of much discussion."

■ The judge before whom a proceeding is brought must determine, in the first instance, the question of his own competency. This decision may present to him a delicate and difficult question, but in solving it he is without discretion, and his action, if erroneous, is subject to be controlled by mandamus seasonably applied for. Smith, State ex rel. v. Pitts, Judge, 139 Ala. 152, 36 So. 20; Ex parte Dew, 7 Ala.App. 437, 62 So. 261.

It was with these authorities in mind that we said in Hudson v. Sparks, 272 Ala. 203, 129 So.2d 664, that the appropriate remedy to require a judge to recuse himself on account of bias or prejudice is mandamus, but the party seeking the recusal has the right to make the motion for recusal in the main proceeding in order to get a ruling by the court on which to base the application for mandamus.

In Cook v. State, 269 Ala. 646, 115 So.2d 101, we said:

> "If, as argued, Judge Jones was not in fact a judge at the time and place, that proposition could only be raised or sustained in a direct proceeding against Judge Jones in which he is a party. Here, the objection was made to Judge Jones himself. Judge Jones was called upon to decide whether or not he was a qualified judge. This was a question only a judge could answer. The rule is that to determine the competency of the judge to act in a given case, the party objecting must bring an action in which the judge himself is a party. The question cannot be determined in a proceeding before the judge being questioned, or on appeal. * * *"

■ Appellant evidently knew the law because it seasonably filed a mandamus pro-

ceeding in this court to require the trial judge to recuse himself, but then failed or refused to file a brief even after "the Clerk of the Court notified counsel for petitioner that brief and argument should be filed in accordance with the rule." (Supreme Court Rule 12, which requires the appellant to file a brief). We had no alternative than to dismiss the action. N. A. A. C. P. v. Jones, 268 Ala. 504, 109 So.2d 140.

■ Appellant had its day in court, it raised the question of recusal in the proper manner, its grounds then were the same as here argued, the proof was substantially the same, and the trial judge was properly made a party, yet appellant failed, after notice, to file the necessary brief. We hold that appellant cannot now raise the question on appeal which it had raised in the mandamus proceeding, and could have secured an adjudication thereon if it had pursued the remedy available to it.

It follows that assignment of error 7 is without merit, and the other nonrelated assignments of error argued along with it will not be considered. First National Bank of Birmingham v. Lowery, 263 Ala. 36, 81 So.2d 284.

■ Assignments of error 2, 3, 4, 8 and 17 are argued together in Subsection III. Nos. 2, 3 and 4 are related but are not related to No. 17. But Nos. 2, 3 and 4 charge error in that the judgment and decree are contrary "to the weight of the evidence" (2), "contrary to the law" (3), and "contrary to the evidence and the law" (4).

We have repeatedly held that this type of assignment of error is without merit and presents nothing for review. Thompson v. State, 267 Ala. 22, 99 So.2d 198; Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Mulkin v. McDonough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

Applying the same rule as heretofore applied to the previous subsections, none of the assignments of error will be considered. Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736.

■ Assignments of error 12, 22, 1, 13, 15, 19, 21, 18, 14 and 20 are argued together in Subsection IV of the argument section. Many of these assignments are unrelated, and some merely assign various reasons why appellant considers the decree to be erroneous. No. 14 deals with the preponderance of the evidence and presents nothing for review. Thomas v. Brook, Ala., 149 So.2d 809;[1] King v. Jackson, 264 Ala. 339, 87 So.2d 623. No. 19 contends that the judgment is without foundation in law or fact. Such an assignment is not sufficient. Vickers v. Vickers, 273 Ala. 645, 144 So.2d 8, and cases there cited.

■ It is essential that assignments of error be predicated on a ruling of the court, and when they are not so predicated, they will be disregarded. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539; Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Life & Casualty Ins. Co. v. Womack, 228 Ala. 70, 151 So. 880; Kinnon v. Louisville & Nashville R. Co., 187 Ala. 480, 65 So. 397; Freeman v. Blount, 172 Ala. 655, 55 So. 293.

Since some of the assignments of error are without merit, we again apply the rule that where several assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others. Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9.

Assignments of error 10, 16 and 23 are argued together in Subsection V of appellant's brief. No. 10 is unrelated to the others and charges that the court erred in denying appellant's motion for rehearing.

■ It is settled that a decree denying an application for rehearing will not sup-

port an appeal; nor is such a decree subject to review on assignments of error on appeal from the final decree. Equity Rule 62, Code 1940; Long v. O'Mary, 270 Ala. 99, 116 So.2d 563; O'Bar v. Town of Rainbow City, 269 Ala. 247, 112 So.2d 790; Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327; Hipp v. Mc-Murry, 263 Ala. 11, 81 So.2d 531; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; 2 Ala.Dig., Appeal & Error, ☞110; 2A Ala. Dig., Appeal & Error, ☞870(6).

Since assignment of error 10 is without merit and is argued with Nos. 16 and 23, the others are not considered. Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645.

■ This disposes of every assignment of error except No. 9, and as it was not argued in brief, it will be "deemed waived and will not be considered by the court." Supreme Court Rule 9.

We note that the decree appealed from is not a unit, where the purported assignments of error go to the entire decree. As already stated, one part of the decree, the dissolving of the temporary injunction, was favorable to appellant and in accord with its contentions.

■ From the foregoing, it is clear that nothing is presented to this court for review. We are in the same position as if, first, there were no assignments of error or an inadequate assignment; or second, no proper brief had been filed. The failure to assign any errors or an inadequate assignment of errors requires the affirmance of the judgment below. Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294, and cases there cited. A decree will be affirmed where appellant files no brief insisting upon the assignments of error. Farrior v. Stagg, Ala., 44 So. 541; Terry v. Schaeffer, 239 Ala. 264, 194 So. 502; Black v. State ex rel. Johnson, 269 Ala. 269, 112 So.2d 792. In Bransford v. Glennon, 216 Ala. 72, 112 So. 341, we said:

"The brief here presented is too radically deficient to be considered as a valid argument of the errors assigned on the record, without a complete nulli-

fication of the rule. We think the substance of the rule is worth preserving, and it can be preserved only by its enforcement; viz., by holding that in this case all assignments of error are waived. In that view, the judgment must be affirmed."

It follows that the decree of the trial court is affirmed.

A final observation is in order. It came out in oral argument that on the same day this case was argued before this court on December 18, 1962, a motion was set for hearing in Federal District Court in Montgomery, which charged that submission of this case had been delayed from May to December by this court and that appellant believed that the delay was a deliberate one.

The charge that this delay was a deliberate one on the part of this court was false and without foundation in fact, and must have been known to have been false by counsel for appellant, because any experienced or informed attorney would have so known.

The decree was entered and filed December 29, 1961. The appeal was taken January 22, 1962. Appellant knew at that moment that it had approximately three and one-half months in which to get the case submitted in the event it desired to have the case set on the oral argument docket.

The weeks for hearing orally argued cases from the various counties are set by Tit. 13, §§ 21 and 22, Code 1940. Since 1896, the times for hearing cases from Montgomery County have been the third Monday after the fourth Monday in November and the second Monday after the fourth Monday in April; those dates in 1962 were May 7 and December 17, and those dates were listed in the calendars published by this court and the Court of Appeals.

The record in this case is over 1347 pages and is in three volumes, yet it was filed in this court on March 19, 1962, less than the sixty day period allowed. Under our rules, appellant had thirty days from March 19 to

**550**

file its brief. Had time been important, the brief could have been filed immediately.

But on April 16, just two days before the brief had be filed, appellant requested and was granted fifteen additional days to file its brief and the time was extended to May 3, .When this extension of time was requested, :appellant then knew that the case could not `be heard the week of May 7, and when the :brief was filed and appellant requested oral .argument, appellant knew that the cause ·would have to be carried over to the week ·of December 17, the week it was set, argued :and submitted in his court. We repeat— :any delay in the submission of. this case in this court after the appeal was taken was caused wholly and exclusively by appellant.

This being an injunction case, if time had been important, Supreme Court Rule 47, as amended, 263 Ala. XXII, could have been invoked to secure an early sub-mission. Not only was Rule 47 not invoked, but as already shown, the appellant was solely responsible for any delay from the time the decree was rendered to the date of submission in this court.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.

