152 So.2d 126

**DEPARTMENT OF PENSIONS AND SECURITY et al.**

v.

**William Lawrence SIMMS et al.**

**8 Div. 119.**

Supreme Court of Alabama.

April 11, 1963.

Richmond M. Flowers, Atty. Gen., Mary Lee Stapp and Julia H. Griswold, Asst. Attys. Gen., for appellants.

Thos. C. Pettus, Moulton, for appellees.

MERRILL, Justice.

This appeal is from a decree awarding the custody of an infant to appellees rather than to the appellant, Department of Pensions and Security of the State of Alabama.

The infant, a little girl, was born July 16, 1962, and the mother, a woman of twenty-three years of age, lived in Jefferson County where the child was born. The next day, the wife of a Birmingham doctor came to the mother's home, took the baby away and it was later that day delivered to appellees. The mother signed a paper stating that she wished to put up her child for adoption when the baby was taken away. On July 20th, she signed an affidavit giving her consent to the adoption of the child by William L. and Marie Dodd Simms, the appellees, who live in Lawrence County.

The mother was contacted by a representative of the Jefferson County Department of Pensions and Security and she signed a revocation of the consent to the Simms and stated that she wanted the Department to place the baby somewhere for adoption. She did not want to keep the baby herself.

The instant case started with the filing of a bill of complaint in the Circuit Court of Lawrence County, in equity, by the appellees, on July 31, 1962, requesting that

they be given the custody of the child which had been in their home since the day after its birth.

·The cause was heard on September 14th and 21st, and the court entered a detailed opinion and decree on September 29, 1962. The court found, inter alia, (1) that it had jurisdiction to hear the cause; (2) that the mother did transfer the custody of the infant by fair agreement to appellees and that the parent had not shown that a change of custody will materially promote the child's welfare; (3) that no evidence was offered to show that appellees were not proper parties to have the custody, care and control of the child; (4) there was no evidence that appellees, nor anyone else, committed any wrong in acquiring custody of the child; (5) that appellees had a comfortable and "far above the average brick home," that they had exhibited an unusual love and affection for the child and could offer unusual opportunities including a higher education as well as perspective inheritances, and that the child was "lucky indeed" to be placed with appellees; (6) that the best interest and welfare of the child, present and future, would be served by awarding custody to appellees; (7) that the custody be so awarded; (8) "that no person, or persons, natural or artificial, nor any combinations thereof, nor any State, County or Municipality, nor any agency thereof, including but not limited to, the Department of Pensions and Security of the State of Alabama, the Department of Pensions and Security of Lawrence County, Alabama, and * * * (the mother of the child), shall interfere with the said care, custody and control of said infant child." The Department of Pensions and Security appealed.

This appeal requires an affirmance of the decree of the lower court without a consideration of the merits of the case.

Our determination of this appeal does not require examination beyond the assignments of error and the argument section of appellants' brief.

■ The first argued assignment of error is No. 7, which reads: "The great weight of the evidence shows that the trial court erred in awarding the custody of the * * * infant to Marie Dodd Simms and William Lawrence Simms."

In Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168, assignment of error 9 read: "The judgment of the Court is contrary to the great weight of the evidence." We held that this assignment presented nothing for review. The substance of that assignment of error is the same as No. 7 in the instant case and requires no more discussion. See National Association for Advancement of Colored People v. State, 274 Ala. 544, 150 So.2d 677, and Vickers v. Vickers, 273 Ala. 645, 144 So.2d 8 [8] [9].

■ At the conclusion of the argument of assignment of error No. 7, the following appears in appellants' brief:

"Appellants' Assignments of Error numbers 2 through 6 and numbers 8 and 9, have already been argued in Brief. Therefore, to avoid repetition, Appellant respectfully asks that what has been said in reference to Assignment of Error 7 be considered as if set out here separately and severally in support of Assignments of Error numbers 2 through 6 and numbers 8 and 9, respectively."

No mention in brief had previously been made to any assignment of error except No. 7, and we take this statement to mean that the argument under No. 7 is assigned to those listed, and that assignments 2 through 6 are argued together. No. 2 reads:

"The trial court erred in assuming and exercising jurisdiction over the custody of the * * * infant sometimes known as * * * (the name of the child)."·

No. 2 is not related to, and differs from 3, 4, 5 and 6. We have a rule of long standing and frequent application that where un-

related assignments of error are argued together and one is without merit, the others will not be considered. National Advancement of Colored People v. State, supra, and cases there cited together with the reason for the rule.

 Assignment No. 2 is clearly without merit. The Circuit Court of Lawrence County has the inherent power and jurisdiction to determine questions of the custody of minor children, Long v. O'Mary, 270 Ala. 99, 116 So.2d 563, and the right to decide this case, the child being present in the county, and no other court having acquired jurisdiction. Dept. of Pensions and Security v. Oswalt, Ala., 152 So.2d 128; Clark v. Holland, Ala., 150 So.2d 702, and cases there cited. It follows that the other assignments of error argued with No. 2 are not considered. Thompson v. State, 267 Ala. 22, 99 So.2d 198.

■■ Assignment of error No. 8 reads:

"The judgment of the trial court is not sustained by the undisputed evidence adduced in this cause."

We know of no rule that requires a judgment to be sustained by undisputed evidence. One of the primary functions of judges and juries is to decide cases where the evidence is disputed and render judgments or verdicts even though the evidence is disputed. The preceding sentence is not to be construed as indicating that we consider No. 8 an adequate assignment of error.

■ Assignment of error No. 9 reads:

"The judgment of the trial court is not sustained by the great weight and preponderance of the evidence adduced in this cause."

We have repeatedly held that this type of assignment of error presents nothing for review. National Association for Advancement of Colored People v. State, 274 Ala. 544, 150 So.2d 677; Vickers v. Vickers, 273 Ala. 645, 144 So.2d 8; Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168; Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Mulkin v. McDonough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

■ An inadequate assignment of errors or the failure to properly argue assignments requires the affirmance of the judgment or decree below. National Ass'n for Advancement of Colored People v. State, supra; Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.