304 So.2d 4

### Clyde EWING and Marie Ewing

**v.**

### CERTAIN LANDS and Herbert B. Crowley et al.

### SC 765.

Supreme Court of Alabama.

Nov. 21, 1974.

Kenneth Cooper, Bay Minette, for appellants.

Samuel M. McMillan, Mobile, for appellees.

**364**

BLOODWORTH, Justice.

Appellants (complainants below), Clyde and Marie Ewing brought an action in rem [pursuant to Tit. 7, § 1116, Code of Alabama 1940 (Recompiled 1958)] seeking to quiet title against Lots 23, 24, and 29, Shellbanks Subdivision, Drury Grant, Section 23, Township 9 South, Range 2 East, Baldwin County, Alabama. Appellees were named as respondents and entered an appearance. Certain other respondents made no appearance and decrees pro confesso were taken against them.

A part of the testimony was taken ore tenus on June 21, 1964, before The Honorable Hubert M. Hall, then Judge of the Circuit Court of Baldwin County. [Before complainants had rested their case, Judge Hall died.] The testimony was completed before The Honorable Telfair J. Mashburn. Thereafter, the cause was submitted on the bill of complaint as amended, answer of the respondents (appellees), the transcript of the proceedings taken before Judge Hall and the testimony and exhibits presented before Judge Mashburn. On August 17, 1973, Judge Mashburn rendered a final decree which dismissed with prejudice the appellants' bill to quiet title and which quieted title in the appellees. Hence, this appeal. We affirm.

The appellants' three assignments of error are as follows:

"1. That trial court's FINAL DECREE is contrary to the evidence in the case (transcript pages 36–121).

"2. The trial court's FINAL DECREE is contrary to the law in the case (transcript pages 36–121).

"3. The trial court's FINAL DECREE is contrary to the law and the facts in the case (transcript pages 36–121)."

Appellees contend that our cases uniformly hold these assignments of error to be insufficient. We must agree.

This Court has repeatedly held that such assignments of error as the foregoing are insufficient, and present nothing for review, whether directed to a judgment on a jury verdict or to a so-called unit decree, viz.:

"Assignments of error 1, 2, 3 and 4 charge error in that the decree is (1) 'contrary to the law in the case.' (2) 'contrary to the evidence,' (3) 'contrary to the law and the evidence,' and (4) 'not supported by the evidence.'

"We have repeatedly held that this type of assignment of error is without merit and presents nothing for review. National Ass'n for the Advancement of Colored People v. State of Alabama, 274 Ala. 544, 150 So.2d 677, and cases there cited." Smith v. McCain Boiler & Engineering Co., 284 Ala. 618, 227 So.2d 131 (1969).

"[2] An assignment of error is an instrument of appellate pleading, Board of Education of Colbert County v. Mitchell, 270 Ala. 594, 121 So.2d 103; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639, and only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal, Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; Central of Georgia Ry. Co. v. McDaniel; 262 Ala. 227, 78 So.2d 290." National Ass'n for Adv. of Colored People v. State, 274 Ala. 544, 150 So.2d 677 (1963).

"[The] Assignment of error * * * does not state that the court erred, nor does it show any way in which the court erred. * * *

"In the case of Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921, 922, it was said:

"'* * * Only adverse rulings of the trial court are subject to an as-

signment of error and reviewable on appeal. * * *'

"[The] Assignment of error * * * does not allege error by the trial court in any respect, therefore, it presents nothing for review by this court." Roan v. Smith, 272 Ala. 538, 133 So.2d 224 (1961).

See also Holcomb v. Escambia County Hospital Board, 291 Ala. 114, 278 So.2d 699 (1973).

This Court takes no pleasure in deciding an appeal on a procedural point rather than on the merits. In the light of our decisions, however, we are left with no choice but to hold that appellants' assignments of error are wholly inadequate to invoke this Court's review. Moreover, we observe that the single proposition of law and the only citations of authority contained in appellants' brief denote an attempt to persuade this Court that the assignments of error are sufficient. Notwithstanding these doubts about the sufficiency of their assignments of error, appellants made no attempt to correct the situation by filing additional or amended assignments. Rule 2, Supreme Court Revised Rules.

Affirmed.

COLEMAN and McCALL, JJ., concur.

HEFLIN, C. J., and JONES, J., concur specially.

JONES, Justice (concurring in the result).

I do not agree that the assignments of error are insufficient per se. The language immediately preceding the numbered assignments of error is as follows:

"Comes now Clyde Ewing and Marie Ewing, appellants in above-styled cause, and respectfully represents that there is manifest error in the record and pro-

ceedings in this cause, to the prejudice of your appellants, and your appellants hereby assign the following errors, to-wit:"

I believe that the ordinary rules of grammatical construction require that this preamble be read in conjunction with each of the numbered assignments; and it appears to me that, when this is done, the assignments of error are sufficiently specific to invoke our review. But, when so viewed, they present no complaint of any ruling of the trial Court unless it be the insufficiency of the evidence to support the final decree. Wiggins v. Stapleton Baptist Church, 282 Ala. 255, 210 So.2d 814 (1968).

I would find that the evidence is sufficient to support the final decree and that the final decree is not contrary to the evidence in the case. Upon a consideration of the merits, I concur to affirm.

HEFLIN, C. J., concurs.