19 So.2d 559

FIRST NAT. BANK OF BIRMINGHAM
v. SEARCY.

6 Div. 981.

Court of Appeals of Alabama.

Oct. 31, 1944.

554

Wm. Marvin Woodall, of Birmingham, for appellant.

Frank L. Parsons, of Birmingham, for appellee.

RICE, Judge.

This case went to trial in the court below on a complaint filed by the plaintiff, appellant, consisting of a single count, which we quote, viz.:

"Plaintiff claims of the defendant, G. S. Searcy, individually and doing business under the trade name of Searcy Grocery Company, Five Hundred ($500.00) Dollars, due by promissory note for $675.00 made by the defendant, executed as follows: 'Searcy Gro. Co. by G. S. Searcy,' on December 27, 1929, and payable to the order of Wylam Branch, Bank of Ensley, on the 26th day of January, 1930, which note on, to-wit: January 7, 1930, and before the 11th day of January, 1930, was duly endorsed by the payee thereof and transferred by the payee thereof by way of said endorsement to the plaintiff, and of which note plaintiff is and has been since said date of said endorsement and said transfer the legal holder in due course thereof. Plaintiff hereby remits any amount above Five Hundred ($500.00) Dollars due on the note herein sued on.

"And plaintiff avers that in said note and as a part of the consideration thereof the Defendant expressly waived his right to claim personal property as exempt to him under the Constitution and laws of Alabama as to said note indebtedness."

To this complaint defendant, appellee, filed only two pleas to which demurrers were overruled. We quote those, to-wit:

Plea C: "For further answer to the complaint, as amended, and to each count thereof, separately and severally, the Defendant, G. S. Searcy, says that the note sued upon in this case was never transferred or assigned to the Plaintiff by the payee, Wylem Branch, Bank of Ensley, or by any one authorized to do so; and Defendant makes oath that this plea is true.

"G. S. Searcy.

"Sworn to and subscribed before me on this, the 25th day of June, 1935.

"T. A. Murphree, Notary Public."

And Plea 2:

"The defendant denies the truth of each and every material allegation in said count."

Of course there were other "counts" and other "pleas," but they were all eliminated in one way or another before the case "went to trial."

The jury rendered a verdict in favor of the plaintiff-appellant; and this appeal is from the judgment of the trial court setting aside said verdict of the jury and ordering a new trial.

As plaintiff's able counsel well put it:

"The case was tried upon a complaint, consisting of a single count, stating a cause of action upon a negotiable promissory note duly endorsed by the payee thereof, and transferred by the payee thereof, by way of said endorsement to the plaintiff before maturity, and before the 11th day of January 1930, and alleging: 'of which note Plaintiff is and has been since said date of said endorsement and said transfer the legal holder in due course thereof.'

"Thus the Plaintiff, in the first instance, took upon itself the burden of proving that it acquired the note in due course of business, for value and before maturity, and before the 11th day of January, 1930, *and this was the only issue in the trial of this case.*"

What plaintiff's industrious counsel next say in the brief filed here is now well understood, and we observe no contention to the contrary by counsel representing appellee (defendant below), viz.:

"Plaintiff, having invoked the protection of the law merchant by its initial pleading, and not by replication, any plea interposed by the Defendant, to be good, was required to meet the issue thus presented, or it would be subject to timely demurrer. Industrial Savings Bank v. Greenwald, 229 Ala. 529, 158 So. 734."

Indeed, the trial court fully recognized this principle in his rulings.

Perhaps we should observe that the Bank of Ensley failed, and never opened for business after January 10, 1930. Its affairs went into the hands of the State Banking Department after that date.

While we have been furnished with very elaborate and comprehensive briefs, covering we believe every ruling made during the trial, proper, of the case below, it seems unnecessary for us to say so very much.

■ There were some thirty-nine distinct grounds in defendant's motion for a new trial; and of course if any one ground was a valid cause for the trial court's action in setting aside the verdict of the jury, his ruling thereon must be here sustained. We do not propose to treat more grounds than are necessary to illustrate the ruling we shall presently announce.

Nor do we feel it necessary to here enter upon a dissertation as to the rules by which

we are governed. The said rules as set forth in the opinion in the case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, with no material alteration still stand. See Shepherd's Ala.Citations. Pertinently, it is there said: "* * * decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict."

The last expression above has been explained to mean: "The appellate court will not reverse an order granting a new trial *unless the evidence plainly and palpably shows that the trial court was in error.*" (Italics presently supplied.) Kent v. Lindsey, 30 Ala.App. 582, 10 So.2d 54; Parker et al. v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504, 505.

It will be sufficient to here state—without detailing the testimony—that the evidence touching what appellant admits was the "only issue in the trial of this case" was in violent conflict. Appellee testified positively that the note sued on was *not* endorsed upon a date, specified, much later than January 11th 1930. Of course, in accordance with his testimony, it *could not* have been endorsed (and delivered) as claimed in plaintiff's complaint.

As observed by Justice Clopton in his opinion in Cobb v. Malone & Collins, supra: "He (the trial judge) is selected because of his legal learning, sound judgment, and the confidence of the public in his impartiality, and the courage of his convictions of right and justice. He has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor, or convenient failure of memory, to avoid impeachment, or for other improper purpose. The appellate court, possessing none of these aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is unworthy of belief, or what weight should be given to that which has been rejected by the jury, and may give undue weight to the testimony of some of the witnesses."

And hence, we may add, the learned Justice writing for the Supreme Court in Cobb v. Malone & Collins, supra, laid down the rules, the pertinent one of which we have quoted hereinabove.

Abiding by that rule, after a due and careful consideration of the evidence offered on the trial of this case, we find ourselves unable to say that it "plainly and palpably shows that the trial court was in error" in setting aside the verdict of the jury and ordering a new trial on the ground that the verdict was contrary to the great weight of the evidence in the case—one of the grounds of appellee's motion for a new trial.

We might remark in passing, what we are sure has become obvious, that, under the pleadings, it was necessary, in order for plaintiff to recover, that it show an endorsement to it of the note in question before January 11th 1930—which means an endorsement "completed by delivery." Code 1940, Title 39, Sec. 2.

One of the important witnesses for plaintiff-appellant was *Mr. H. H. Haworth.* We have scrutinized his testimony; but cannot find that he anywhere testified that the note was *endorsed.* This being true—whatever other criticism may or may not be made of said charge—it was error to give to the jury at plaintiff's request its written charge 7 (which is set out in the report of this case).

Likewise—but for the reason she nowhere testified the note was *delivered* to plaintiff—it was error to give to the jury at plaintiff's request its written charge 6, commanding a verdict in favor of the plaintiff if the jury "reasonably believe the testimony in evidence of Miss M. Wildsmith."

What we have said will disclose our opinion that the action of the learned trial court in granting appellee's motion to set aside the verdict of the jury and award him a new trial was well sustained. Much learning was displayed in the trial of the case; and we feel that no further remarks of ours are necessary for the guidance of the court on another trial, or for any other purpose.

The judgment appealed from is affirmed.

Affirmed.