167 So.2d 171

**NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE**

**v.**

**STATE of Alabama.**

**3 Div. 996–A.**

Supreme Court of Alabama.

Aug. 27, 1964.

Fred D. Gray, Montgomery, for movant.

Richmond M. Flowers, Atty. Gen., for the State.

**PER CURIAM.**

Appellant was permanently enjoined from doing business in Alabama by the trial court, and we affirmed, 274 Ala. 544, 150 So.2d 677. The Supreme Court of the United States reversed and remanded, 377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325.

The Supreme Court of Alabama has never passed upon the merits of this case. The only time it was before us on the merits, it was submitted on December 18, 1962, and we affirmed February 28, 1963, because the argument section of the brief failed to comply with long-standing and oft applied requirements. Those requirements have been and will continue to be applied to briefs with the same defects as those filed in this case, regardless of whether the defects are the results of inefficiency, ignorance or design.

·The Supreme Court of the United States, on writ of certiorari to review our decree, concedes that "The Supreme Court (of Alabama) relied wholly on procedural grounds," and describes the basis of our decision "nonfederal." Nevertheless, that court rejected the procedural and nonfederal bases, reversed the decree and remanded the cause "for further proceedings not inconsistent with this opinion." The next sentence reads: "Such proceedings should include the prompt entry of a decree, in accordance with state procedures, vacating in all respects the permanent injunction order issued by the Circuit Court of Montgomery County, Alabama, and *permitting the Association to take all steps necessary to qualify it to do business in Alabama.*" (Emphasis supplied). In the inadequate brief of appellant, there is no suggestion of its entitlement to, or request for, the affirmative relief which is represented in the emphasized portion of the sentence.

The State was the complainant in this action for injunction and appellant was permanently enjoined from conducting intrastate business in Alabama and was ousted from this State. We affirmed on nonfederal grounds and the Federal Supreme Court reversed on federal grounds. Since we have never considered the case on its merits, we are not going, at this late date, to become involved in that phase of the case. It is our duty to advise the trial court, which did consider the merits, that our affirmance has been reversed and the cause was remanded. That we do, but additional unrequested affirmative relief we neither order, direct or condone.

The decree of this court and the decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, SIMPSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.

LIVINGSTON, C. J., dissents.