312 So.2d 29

**Virgie Hargrove WILBANKS**

v.

**HARTSELLE HOSPITAL, INC.,**
a corporation.

**Civ. 296.**

Court of Civil Appeals of Alabama.

April 23, 1975.

Hare, Wynn, Newell & Newton, Birmingham, and J. Leslie Doss, Jr., Decatur, for appellant.

Joe Calvin, Decatur, for appellee.

BRADLEY, Judge.

The appeal is from a verdict and judgment in favor of plaintiff, Virgie Hargrove Wilbanks, and against defendant, Hartselle Hospital, Inc., a corporation. Plaintiff's complaint sought damages from defendant hospital for its negligence or breach of an implied contract by permitting plaintiff to be bitten by a spider while a patient in its care. After a trial before the court and jury the verdict and judgment of $10,000 was rendered. Thereupon a motion for a new trial was filed and, after a hearing, was granted. The appeal is from that judgment.

After the briefs had been filed but before submission, appellee filed a motion asking that the judgment of the trial court be affirmed for that the appellant had failed to comply with *Supreme Court Rule 1* in that the assignments of error did not list the page or pages of the record on which the complained of ruling is recorded.

Supreme Court Rule 1 provides in part that each assignment of error must show the page or pages of the record on which the ruling is recorded.

■ The supreme court considers this portion of Rule 1 to be mandatory. Carey v. Burrell, 291 Ala. 629, 285 So.2d 715. The cases cited in *Carey* show that the supreme court has consistently construed the cited portion of Rule 1 to be mandatory. This court has, as it is required to do, followed those rulings of the supreme court in this regard. Alabama Power Co. v. Thomas, 50 Ala.App. 517, 280 So.2d 778.

■ The assignments of error filed with the record in the case at bar do not contain any listing of page numbers wherein the alleged erroneous ruling is supposed to have occurred. The effect of such omission is to present a record that has no assignments of error, or such an inadequate assignment of error as to be unavailable for consideration. Kyle v. Kyle, 48 Ala.App. 163, 263 So.2d 142. The failure to assign any errors or an inadequate assignment of error, requires the affirmance of the judgment rendered by the trial court. National Ass'n for Advancement of Colored People v. State, 274 Ala. 544, 150 ham v. Searcy, 31 Ala.App. 553, 19 So.2d 1302, 377 U.S. 288, 12 L.Ed. 325, on remand 277 Ala. 89, 167 So.2d 171.

In view of the mandatory nature of the supreme court decisions on this subject, we have no alternative but to affirm the judgment of the trial court. However, we say to the parties to this appeal that we have carefully examined the pleadings and evidence and it is our opinion that the trial court's judgment granting a new trial was not improper.

The judgment directing a new trial was based on two grounds: (1) the evidence totally failed to show a breach of that degree of care, skill and diligence used by hospitals generally in the community where defendant hospital was located; and (2) the verdict and judgment are contrary to the great weight and preponderance of the evidence.

■ The rule is well established that if any one ground of the motion for new trial supports the court's order granting a new trial, such order must here be sustained. First National Bank of Birmingham v. Searcy, 31 Ala.App. 533, 19 So.2d 559. Further, the granting of a motion for new trial is presumptively correct and will not be disturbed unless the court's order is plainly and palpably erroneous. Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123. And, it has been said that an appellate court is even more reluctant to reverse an order granting a new trial than one denying a new trial. Johnson v. Hodge, *supra.* Moreover, this court will not reverse a trial court's order granting a new trial where one of the grounds is that the verdict and judgment is contrary to the great weight and preponderance of the evidence, unless the evidence, after careful review, plainly and palpably supports the verdict. Kennedy v. General Transport, Inc., 293 Ala. 455, 304 So.2d 896.

In the case at bar, we cannot say that the evidence plainly and palpably supports the verdict and judgment rendered in the trial court.

■ The evidence is overwhelmingly to the effect that no spider or other bug or insect was seen in plaintiff's hospital room either before or after the alleged bite. Furthermore, the plaintiff herself testified that she did not see what, if anything, bit her on the leg. The second doctor that treated plaintiff did not know what caused the itching, pain and infection, but stated that Dr. Crouch suggested the possibility that she had been bitten by a spider. A verdict should never be rested on conjecture or speculation. Howell v. Roueche, 263 Ala. 83, 81 So.2d 297; Campbell Const. Engineers, Inc. v. Water Works and Sewer Board of City of Prichard, Ala., Inc., 52 Ala.App. 129, 290 So.2d 194.

The evidence further showed that defendant hospital had been treated for various insect pests over a period of several years just as other hospitals in the area had been treated. The testimony was clear that only when a spider problem was brought to the attention of the hospital was an effort made to treat for this particular pest. No evidence was introduced showing that treatment for spiders was ever recommended.

We conclude therefore that the evidence did not plainly and palpably support the verdict, and the granting of a new trial by the trial court was proper. Judgment of the trial court is here by affirmed.

Motion granted; judgment affirmed.

WRIGHT, P. J., and HOLMES, J., concur.