The plaintiff, Donald E. Horton, appeals from a judgment for the defendant, Continental Volkswagen, Inc., in the plaintiff's action based upon fraud. We reverse and remand.
The action arose out of the plaintiff's purchase in August, 1976, of a 1975 model Audi automobile from the defendant. The plaintiff alleged that while negotiating for the purchase he had inquired of the defendant's representative whether there were any problems or defects in the vehicle to cause it to be the last 1975 model to be sold, and that he was told that there had been no problems with the vehicle, the reason that it was the last of the 1975 models being that it had been lost on the premises. Plaintiff allegedly learned later that defects in the electrical system had occurred in July, 1976, prior to sale, which had necessitated repairs. He further alleged reliance on the misrepresentations and demanded compensatory and punitive damages. Following the course of further pleading by both parties the case was tried to a jury who returned a verdict for the defendant.
The plaintiff has presented several issues for review; (1) whether the trial court erred in allowing the defendant to refer to the size of the defendant corporation during opening statement to the jury; (2) whether the trial court erred in allowing the defendant to describe the owner of the defendant corporation in opening statement and in allowing the defendant in closing argument to state that the verdict would punish and destroy the owner, who was not a party to the litigation; (3) whether the trial court erred in allowing the defendant (in closing argument) to appeal to the self-interests of the jury; (4) whether the trial court erred in allowing the defendant to argue that a verdict (for the plaintiff) would encourage other lawsuits and destroy the defendant corporation and its owner; (5) whether the trial court erred in its oral charge by leaving *Page 552 
the jury with the impression that (in a fraud case) the plaintiff must act to his detriment solely on the basis of the material fact which was alleged to be misrepresented and to the exclusion of all other material facts.
During his opening statement to the jury counsel for the defendant stated:
 Now, we expect the evidence to show, ladies and gentlemen of the jury, that Continental Volkswagen, a small private domestic corporation, owned by Mr. William R. Alford —
. . . . .
 I expect the evidence to show that he is the sole owner of that business and has been for twenty years, approximately 20 years. He is a local businessman and he has been living in Mobile for approximately 35 years.
And in closing argument defense counsel argued:
 [H]e (referring to plaintiff's counsel) is a good lawyer, and he is doing everything he can to convince you folks that Mr. Alford over there and Continental Volkswagen have done an enormous wrong and that you ought to go ahead and punish not only him but punish everybody else that might be in the automobile business.
Of course, it is a truism that opening statements are not evidence. Wilkey v. State ex rel. Smith, 238 Ala. 595,192 So. 588 (1940). Nevertheless, counsel may not by an opening statement introduce immaterial and prejudicial matter. Brown v.Leek, 221 Ala. 319, 128 So. 608 (1930). On this subject much is left to the discretion of the trial court whose discretion is subject to review only when abused to the prejudice of the complaining party. State v. Hargrove, 282 Ala. 13,208 So.2d 444 (1968). In this case the trial court overruled the objections to these portions of the opening statement. The objections asserted that the statements injected proof of size, as going to net worth, and referred to Mr. Alford who was not a party, as eliciting sympathy for the defendant. The trial court was incorrect in overruling these objections because the remarks necessarily contain the aspects of wealth (and therefore of net worth). The trial court's earlier admonition to the jury that "What opening statements are are not evidence", was insufficient to remove the prejudice created by such a reference. This case is analogous to those in which wealth was injected into evidence, e.g., Ware v. Cartledge,24 Ala. 622 (1854); Southern Life Health Ins. Co. v. Whitman, Ala., 358 So.2d 1025 (1978). Because this statement was prejudicial and not eradicated, the cause must be, and is, reversed and remanded. Having reached that conclusion, it is unnecessary to reach the other points raised by the plaintiff.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, J., not sitting.