On Remand from the Supreme Court

ROBERTSON, Presiding Judge.
The prior judgment of this court dismissing the appeal of Mutual Savings Life Insurance Company has been reversed, and the cause remanded. Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649 (Ala.1998). On remand, we affirm the order of the trial court granting a new trial.
Much of the pertinent procedural history in this case is summarized in our earlier opinion:
“[Alsie M.] Smith sued MSLIC and two of its agents in the trial court. After the two agents were dismissed, the case was tried before a jury, and a verdict was rendered in favor of Smith. The trial court entered judgment on the jury verdict on June 27, 1996. On July 25, 1996, within 30 days of the entry of judgment (see Rule 59(b), Ala.R.Civ.P.), Smith moved for a new trial. After MSLIC filed a response in opposition, and after a hearing, the trial court entered an order granting Smith’s motion for a new trial on September 23, 1996.
[[Image here]]
“... MSLIC filed a notice of appeal to the Alabama Supreme Court from the trial court’s order granting a new trial, citing Ala.Code 1975, § 12-22-10, as jurisdictional authority. The Alabama Supreme Court transferred MSLIC’s appeal to this court on the basis that the appeal was within this court’s appellate jurisdiction.”
Mutual Sav. Life Ins. Co. v. Smith, 765 So.2d 646, 647 (Ala.Civ.App.1997). Relying on Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983), this court dismissed MSLIC’s appeal as untimely; however, on certiorari review, the Alabama Supreme Court overruled Sunshine Homes, reversed this court’s judgment, and remanded the case “for th[is] court to consider the appeal.” 765 So.2d at 652. In compliance with the mandate of the Supreme Court, we now consider the merits of MSLIC’s appeal.
The jury in this case found in favor of Smith, and awarded her $625 in compensatory damages. Smith’s new-trial motion asserted four grounds: (1) that the jury’s award of damages was insufficient; (2) that the verdict was against the great weight of the evidence; (3) that the trial court had erroneously excluded rebuttal evidence of MSLIC’s wealth; and (4) that counsel for MSLIC had improperly insisted upon receiving “yes” or “no” answers from Smith’s witnesses during cross-examination. The trial court did not specify in its order which of these grounds it had relied on in granting a new trial, although its certification entered in order to allow the defendant to seek permission to appeal, pursuant to Rule 5, Ala.R.App.P., discloses that the trial court based its decision to grant a new trial upon a perceived “inconsistency” between the jury’s verdict in favor of Smith and its assessment of damages.
“It is well established that a ruling on a motion for a new trial rests within the sound discretion of the trial judge,” and “the exercise of that discretion carries with it a presumption of correctness, which will not be disturbed by this Court unless some legal right is abused and the record plainly and palpably shows the trial judge to be in *654 error.” Curtis v. Faulkner Univ., 575 So.2d 1064, 1066 (Ala.1991). Moreover, even if it can be assumed, as the dissent suggests, that the trial court granted a new trial on an improper basis, this presumption of correctness in favor of its judgment persists. “This court has repeatedly held that the action of a trial court, in granting a new trial, is sustainable if there is any ground ... justifying the action, regardless as to whether the ruling may have been rested on an improper ground.” Lawson v. General Tel. Co. of Alabama, 289 Ala. 283, 291, 267 So.2d 132, 139 (1972); accord, Wilbanks v. Hartsette Hosp., 54 Ala.App. 630, 632, 312 So.2d 29, 30 (Ala.Civ.App.1975).
The record reveals that Smith’s new trial motion alleged, among other things, that she was unduly prejudiced by several statements made by MSLIC and its counsel concerning MSLIC’s size, including a declaration that MSLIC was a “small company” whose employees owned 78 percent of the company. The new-trial motion further alleged that Smith had not been allowed to rebut these statements by demonstrating at trial (1) that MSLIC had earned $3 million in net profits during 1995, and (2) that MSLIC had received over $5 million annually for the preceding five years in cancer policy premiums alone.
In § 12-13-11, Ala.Code 1975, Alabama has codified a number of grounds for granting a new trial. Hancock v. City of Montgomery, 428 So.2d 29, 32 (Ala.1983). Among these grounds is “[ejrror of law occurring at the trial and properly preserved by the party making the application.” Section 12-13-11(a)(8), Ala.Code 1975; see also Rule 59(a), Ala.R.Civ.P. We note that “the trial judge may grant a new trial on grounds which might not constitute reversible error on appeal.” Bekins Van Lines v. Beal, 418 So.2d 81, 83 (Ala.1982). Among the errors of law historically warranting the grant of a new trial is the trial court’s erroneous exclusion of competent evidence during the original trial. See Owen v. McDermott, 148 Ala. 669, 41 So. 730, 730-31 (1906).
Here, the reporter’s transcript reveals that during a sidebar conference, counsel for Smith noted that during opening statements, counsel for MSLIC had mentioned that MSLIC was a small company owned by its employees, and contended that these statements “opened the door” and that he was entitled to “respond in kind” to them by eliciting testimony from a corporate representative of MSLIC concerning “how much money the company made last year.” At the time, the trial court allowed counsel for Smith to elicit testimony concerning the number of states in which MSLIC did business, but would not allow him to present evidence that MSLIC had made $3 million in the previous year.
Alabama law is clear that, as a general rule, evidence concerning the wealth or poverty of civil litigants is not admissible. Professor Charles Gamble has summarized the governing principles in this area:
“Alabama decisions are replete with instances when a civil litigant attempts to make the jury privy to the litigant’s own poverty. These efforts at indicating economic standing may be as overt as statements in opening or closing arguments or as subtle as offhand references to a particular party’s financial position. Whatever form the evidence may take, our courts consistently have recognized, as something every trial lawyer knows, that it is highly prejudicial for the jury to be informed as to the wealth of the defendant or poverty of the plaintiff and thus invite them to be liberal with someone else’s money. This recognition has led to a general exclusionary rule in Alabama precluding the admission of evidence as to the wealth or poverty of litigants when offered to aggravate or mitigate damages.”
1 Charles W. Gamble, McElroy’s Alabama Evidence, § 189.05(1) (5th ed.1996) (foot *655 notes omitted). However, Professor Gamble continues:
“The rule under discussion does not operate to exclude evidence of wealth or poverty if such is relevant to some issue, other than damages, properly in the case. One way for such an issue to be properly in a case is for one’s opponent to have opened the door by commenting upon or asking questions concerning a party’s financial standing. Whenever one addresses a particular subject, even if impermissibly so, this then permits the opponent to rebut such evidence under the doctrine of ‘curative admissibility.’ Some writers and courts have referred to this as ‘retaliatory admissibility.’ ”
Id. at § 189.05(2)(c) (emphasis added; footnotes omitted); see also City of Gulf Shores v. Harbert Int’l, 608 So.2d 348, 353 (Ala.1992) (“an opposing party may inquire into the other party’s wealth on cross-examination or in rebuttal if the other party ‘opens the door’ ”).
We note that under the general rule, not only are individuals not permitted to refer to their wealth or poverty, but corporations, too, may not inject any proof of their size into a lawsuit. For example, in Horton v. Continental Volkswagen, Inc., 382 So.2d 551 (Ala.1980), counsel for an automobile dealer referred to his client in opening statements as “Continental Volkswagen, a small private domestic corporation.” Noting that “counsel may not by an opening statement introduce immaterial and prejudicial matter,” the Alabama Supreme Court reversed a judgment entered on a jury verdict in favor of the dealer, concluding that such a statement “necessarily contain[s] the aspects of wealth (and therefore of net worth).” 382 So.2d at 552. Similarly, in Baldwin Mut. Ins. Co. v. Brantley, 518 So.2d 32 (Ala.1987), the Alabama Supreme Court was confronted with the question whether testimony from an insurance agent to the effect that his employer was “a very small company” opened the door to evidence concerning how many policyholders the company had in Alabama; it held that to allow such rebuttal evidence “was proper impeachment procedure.” 518 So.2d at 35.
The record does not reveal the precise wording of MSLIC’s opening statement; however, the parties and the trial court were necessarily familiar with its contents. While the omission of counsel’s precise remarks from.the record itself militates in favor of our affirming the trial court’s grant of a new trial (see Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 132, 81 So.2d 674, 675-76 (1955) (the burden is on the party appealing from grant of new trial motion to show error on the record)), an argument referring to a corporate party as a “small company” would open the door to evidence of corporate profits and receipts that would tend to impeach such a statement. Horton, 382 So.2d at 552.
The dissent contends that, because counsel for Smith did not object to the statements concerning MSLIC’s size, Smith waived her right to present rebuttal evidence of MSLIC’s wealth. However, the doctrine of “retaliatory admissibility” discussed by Professor Gamble is not predicated upon an objection from the party seeking to retaliate. Instead, as the discussion quoted above indicates, the doctrine is based upon the right of the retaliating party to present evidence concerning issues in the case once another party has “opened the door” to those issues, as well as to impeach the testimony of a witness who has given evidence concerning a party’s wealth. There may well be tactical reasons for not objecting to evidence that “opens the door” to rebuttal evidence of wealth; indeed, there is no indication that the appellee in Baldwin Mutual, supra, who prevailed in the trial court, made any objection at trial to the corporate witness’s statements concerning the size of his employer. We will not hold, as the dissent would have us hold, that before introducing rebuttal evidence concerning a party’s wealth or poverty, an opposing party must object to his or her adversary’s *656 introduction of evidence that would “open the door” to that rebuttal evidence.
Because the trial court’s refusal to admit the evidence proffered by Smith constituted an “error of law occurring at the trial,” an error within the scope of § 12-13-11(a)(8), Ala.Code 1975, and because Smith relied upon this ground in her new-trial motion, we conclude that the record in this case does not show the trial judge plainly and palpably erred in granting Smith’s motion for a new trial. Its judgment is therefore due to be affirmed.
AFFIRMED.
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.