HOOPER, Chief Justice
(dissenting).
The circuit court granted the plaintiff Alsie Smith a new trial on her claims against the defendant Mutual Savings Life Insurance Company. Mutual Savings appealed. The Court of Civil Appeals, on remand following a procedural review by this Court, affirmed the new-trial order. Smith v. Mutual Sav. Life Ins. Co., 765 So.2d 652 (Ala.Civ.App.1998) (on remand). Mutual Savings sought certiorari review. I dissent from today’s order quashing the writ. I agree with the dissent written by Judge Thompson.
Alsie Smith purchased two cancer insurance policies in 1981 from Mutual Savings, for the benefit of herself and her mother, Ms. Washington. Shortly thereafter, Smith says, she requested that her insurance agent cancel those policies. Smith claims that .the agent told her that the policies would be canceled. Smith had other policies with Mutual Savings, so she was making a combined premium payment on all of her policies. Mutual Savings continued to collect premiums at her home on both cancer policies until 1994. In 1989, Ms. Washington died; Mutual Savings paid burial expenses under a burial policy. Mutual Savings continued to collect premiums on the mother’s cancer policy for five years after she had died. Smith also alleged that after a fire in 1994, Smith’s daughter informed Mutual Savings that Ms. Washington had died and that Mutual Savings should not be collecting premium payments on her cancer policy. Smith alleged that Mutual Savings continued to collect on the cancer policy for two more months and also collected premiums for two more months oh a fire insurance, policy that had been terminated.
Smith sued Mutual Savings, seeking damages based on claims of fraudulent misrepresentation, suppression, 'and wantonness. The jury found in favor of Smith, awarding her $625 in damages. It is not clear to me that the amount of damages awarded by the jury was inadequate to compensate Smith for the uncontroverted financial loss she sustained. As Judge Thompson points out in his dissenting opinion, three claims went to the jury and the jury returned a general verdict. The evidence relating to one of the claims indicated actual monetary loss or damage of $1,219,92; the evidence relating to another indicated actual monetary loss or damage of $234; and the evidence relating to the third indicated actual monetary loss or *660 damage of $11.08. Smith also claimed mental-anguish damages. Thus, it could be that the jury found for Smith on the second and third claims and on those claims awarded her the amount of her actual monetary loss or damage and an additional amount for mental anguish, totaling altogether $625. This Court is not required to assume that the jury’s general verdict was a finding for Smith on all her claims. The amount of the damages award indicates that the jury did not accept all of Smith’s claims. I do not believe the amount of damages awarded is inconsistent with the general verdict for the plaintiff Smith. Thus, I think the trial court erred in ordering a new trial on the basis of an inconsistent verdict.
It appears to me that in affirming the order granting the plaintiff a new trial the Court of Civil Appeals based its judgment on a conclusion that the trial court had erred by allowing defense counsel, during opening arguments, to make comments about the defendant’s size, without allowing Smith to rebut those comments. However, Judge Thompson points out in his dissent' that the trial court clearly stated its grounds for not granting Mutual Savings’ “motion to reconsider” the new trial order: The trial court stated, “[The motion] was denied based on this Court’s conclusion that the damages awarded to [Smith] by the jury were inconsistent with the jury verdict in favor of [Smith].” 765 So.2d at 656. Thus, the trial court apparently did not grant a new trial based on the comments regarding the size of the defendant Mutual Savings. However, in her motion for a new trial, Smith did include a contention that the court had erred in allowing those comments, and the Court of Civil Appeals can affirm the trial court’s order if it is correct on any valid ground or rationale. Nevertheless, I do not believe that the order granting a new trial was correct on any valid ground or rationale.
Furthermore, I do not think that the fact that the opening statement is not included in the record prevents this Court from addressing the issue. Smith argues that when defense counsel said during the opening statement that Mutual Savings was a small company that was 78% owned by its employees, the defense “opened the door” to permit Smith to rebut this information by presenting evidence regarding Mutual Savings’ net profits. However, Judge Thompson’s dissenting opinion states that Smith did not object to the trial court’s ruling disallowing the evidence she wanted to present in rebuttal. The trial court specifically stated that Smith could present evidence of the number of States in which Mutual Savings does business and that she could inquire into information regarding the stockholders and the amount of premiums Mutual Savings collected on the kind of policy at issue in this case. However, Smith did not ask any questions on those issues allowed by the trial court. Smith did not take advantage of the trial court’s ruling and attempt to develop evidence contradicting the opening statement made by Mutual Savings. Thus, I do not believe Smith is entitled to a new trial on this basis.
The Court of Civil Appeals determined that the plaintiff should have been permitted to rebut the information presented in the opening statement and, for that reason, affirmed the order granting her a new trial. I agree with Judge Thompson that that was not a proper basis for granting a new trial. I further agree with Judge Thompson that the amount of damages awarded by the jury does not create an inconsistency that would support the order granting a new trial. I think this Court should review the judgment of the Court of Civil Appeals. Therefore, I dissent from the order quashing the writ.