194 So. 508

**STINSON v. RICHARDSON.**

**7 Div. 529.**

Supreme Court of Alabama.

March 7, 1940.

·McCord & Miller, of Gadsden, and Irby A. Keener, of Centre, for appellant.

No attorney marked for appellee.

GARDNER, Justice.

Suit for assault and battery. Judgment for defendant, and plaintiff appeals.

That defendant struck plaintiff on the head with a stick, resulting in rather severe injury, does not appear to be denied. Defendant rests in large part upon the doctrine of self-defense. As to who was the aggressor was in sharp dispute, as well as all other matters relating to the question of self-defense.

There had been a prior difficulty a short time before. The fact of such difficulty and its gravity may be shown, but not the particulars. McAnally v. State, 74 Ala. 9; Buffalow v. State, 219 Ala. 407, 122 So. 633. That plaintiff in the previous difficulty drew a pistol and threatened the life of defendant is within the rule permitting proof to show its gravity. Buffalow v. State, supra.

We are inclined to the view the ruling of the court did not transcend the limitations fixed by our decisions, though in view of our conclusion for a reversal on the point next to be considered, no necessity exists that we stop to make minute inspection as to this matter. Plaintiff denied he had previously drawn a pistol on defendant, when so asked on cross-examination. But defendant, over objection, was permitted to elicit from the plaintiff the admission that he had been convicted in the county court of pointing a pistol at defendant, and that the case was then pending on appeal in the circuit court. There has been no finality to that prosecution, and its ultimate outcome can of course not be predicted. We know of no principle of law under which such evidence could be held admissible. Plaintiff's objection thereto should have been sustained. It may readily be observed what use counsel might make of this admission in argument to the jury.

We are persuaded, therefore, that this ruling was erroneous and prejudicial, and necessitated a reversal of the cause. It is so ordered.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.