BOLEN v. BUYZE

1. Automobiles—Guest Passenger—Gross Negligence—Question
   for Jury.

   Evidence in action to recover for personal injuries as a guest
   passenger where plaintiff testified that he did not consider the
   driver's driving up to the time of the accident as reckless or
   irresponsible and that the only thing he was claiming was the
   fact that the driver did not see a 10-ton tank before it struck
   *held*, not to present a question of gross negligence and there-
   fore not a question for the jury.

2. Automobiles—Reckless   Driving--Conviction—Evidence—Ad-
   missibility.

   Conviction for reckless driving arising out of an accident that
   is the subject matter of a civil action for personal injuries to
   a guest passenger *held*, not admissible on the issue of gross
   negligence in the civil action (CLS 1961, § 257.731).

Appeal from Macomb, Howard R. Carroll, J.
Submitted Division 2 January 8, 1969, at Detroit.
(Docket No. 4,775.) Decided February 27, 1969.
Leave to appeal denied July 24, 1969. See 382 Mich
771.

Complaint by Melvin Bolen, for himself and as
next friend of James J. Bolen, against James A.
Buyze, Jr., and James A. Buyze, Sr., for personal
injuries sustained by James J. Bolen in an auto-

---

References for Points in Headnotes

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 469.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 944; 29 Am
Jur 2d, Evidence § 334.
Conviction or acquittal as evidence of the facts on which it was
based in civil action. 18 ALR2d 1287.

mobile accident. Judgment for defendants. Plaintiff appeals. Affirmed.

*Paul R. Jackman,* for plaintiff.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendant.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Plaintiffs appeal from a judgment of no cause of action entered by the trial judge at the conclusion of their proofs in a suit for gross negligence under the automobile guest passenger statute, CLS 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101).

Stated most favorably to the plaintiffs, the evidence was as follows: A group of young people decided to take a trip to a cider mill in Rochester, Michigan. Buyze, Jr., was driving his father's car and James Bolen was one of the passengers. All those passengers who testified, including James Bolen, stated that Buyze, Jr., was a generally "good driver" and that he was driving carefully and within the speed limit as they proceeded west on Eight Mile road. As they approached the intersection with Van Dyke avenue, it was observed that there were lines of cars stopped in three lanes of westbound Eight Mile ahead of their car. After receiving a passenger's assurance that the way was clear, defendant driver pulled into a fourth right-hand lane which was free of traffic. There were no signs that this was a right turn only lane. As the car proceeded in this lane at its same speed, the signal at the intersection turned green. When the auto was approximately 100′ from the intersection, a motorcycle policeman appeared at the end of the lane,

signalling them to stop (the policeman testified the auto was 20′–25′ away when he signalled). The car continued into the intersection and collided with a United States Army tank, stopping immediately. The tank had been proceeding north on Van Dyke at 10 m.p.h.; when it entered the intersection it had a green light, but the light turned red for it and green for Eight Mile road as the tank was in the intersection and before the collision. Plaintiff was hospitalized for treatment of ear damage and internal injuries.

Plaintiffs contend that there was enough evidence to go to the jury on the question of gross negligence, under the rule of *Tien* v. *Barkel* (1958), 351 Mich 276, that doubtful cases should go to the jury. But plaintiffs cite *Brooks* v. *Haack* (1965), 374 Mich 261, 265, for the statement that "the thread which seems to run through all is a showing that the driver had 'an affirmatively reckless state of mind with intent to depart from careful driving.'" Plaintiffs also cite *Stevens* v. *Stevens* (1959), 355 Mich 363, which defines the test as wilful disregard of a manifest probability of harm.

Applying these tests to the evidence in this case, we agree with the trial court that there may be evidence of ordinary negligence, but there is nothing to show gross negligence. See *Hindes* v. *Heyboer* (1962), 368 Mich 561. In fact at trial James Bolen was asked:

"*The Court:* You wouldn't classify Buyze's driving up to the time you entered the intersection as reckless or irresponsible to you?

"*A.* No sir.

"*Q.* Would you say that the only thing that you are claiming against Buyze is as far as his driving is concerned is that he didn't see the 10-ton tank before it struck?

"*A.* Yes."

Plaintiffs' second contention is that defendant driver's conviction for reckless driving arising out of the same accident should have been admitted in this civil action on the issue of gross negligence. Such admission would be contrary to CLS 1961, § 257.731 (Stat Ann 1968 Rev § 9.2431), but plaintiffs ask that we expand the exceptions to that statute laid down in *Perin* v. *Peuler* (1964), 373 Mich 531, and GCR 1963, 607. Honigman & Hawkins,* in their commentary to Rule 607, point out that CLS 1961, § 257.731, *supra,* remains in effect except as modified by the Michigan Supreme Court, and the learned commentators identify three permissible uses of prior convictions under Rule 607 (p 402):

"(1) impeachment of character by proof of conviction of crime,

"(2) impeachment by a prior contradictory statement, and

"(3) prior judicial admissions of a party-opponent as substantive evidence."

Buyze, Jr., in this case did not take the stand, so he was not subject to impeachment; he did not plead guilty to the criminal charge, so his conviction cannot be considered a judicial admission.

Affirmed. Costs to appellees.

---

* 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) pp 401, 402.