■ Douglas A. Trombley, Respondent, v Thomas E. Malloy, Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: This action and its companion case, *Malloy v Trombley* (66 AD2d 1021), arise out of an automobile accident occurring on October 13, 1974 between a vehicle owned and operated by Trombley and one owned and operated by Malloy. Trombley and Malloy brought claims in the Court of Claims alleging liability of the State for injuries they sustained based on the alleged negligence of a State trooper who had been at the scene. The State counterclaimed for contribution and indemnification. After trial, both claims were dismissed. In its written decision, the court found that the State trooper had not been negligent. It further found: "With regard to the conduct of Mr. Trombley, it is clear that his violation of Vehicle & Traffic Law, section 375 (5) (standing without lights) was negligent and was a proximate cause of the accident." With respect to Malloy, the court stated: "it is clear that the tremendous impact with which Mr. Malloy collided with the Trombley vehicle indicates that he proceeded at a high rate of speed towards the scene despite the warning lights from Trooper Britt's car * * * Therefore, Mr. Malloy's conduct on the night of October 13, 1974, can hardly be characterized as reasonable, and he also was chargeable with contributory negligence". Trombley and Malloy had meanwhile commenced actions against each other in Supreme Court, Niagara County. The defendant in each action moved for summary judgment contending that by reason of the order and decision of the Court of Claims, the negligence of the plaintiff was conclusively adjudicated. Special Term denied the motions and defendants appeal. In *Schwartz v Public Administrator of County of Bronx* (24 NY2d 65), it was established that the two necessary requirements for the application of the doctrine of collateral estoppel are, first, that there "must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" *(Schwartz v Public Administrator of County of Bronx, supra,* p 71; see *S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304). As stated in *Good Health Dairy Prods. Corp.*

*v Emery* (275 NY 14, 18): "Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues." There is no question that in these actions the issues regarding the contributory negligence of the two plaintiffs are the same as in the claims against the State and that the plaintiffs were afforded a full and fair opportunity in the Court of Claims to contest those issues. It is argued, however, that Judge Moriarty's statements concerning the negligence of Trombley and Malloy were obiter dicta and not findings because they were preceded by the sentence: "Although unnecessary to a decision herein, we note that, based upon the evidence presented at trial, neither claimant appears to have established the requisite freedom from culpable conduct necessary for success in a cause of action for negligence which accrued prior to September, 1975." We hold that the Court of Claims found contributory negligence on the part of Malloy and Trombley as well as freedom from negligence on the part of the trooper, thus collaterally estopping Malloy and Trombley as plaintiffs here from relitigating the question of their contributory negligence. Judge Moriarty made detailed findings of fact concerning the negligence of the two claimants and his granting of the motions to dismiss follows these findings. It is quite true that Judge Moriarty's decision could have been based solely on the contributory negligence of the claimants or on the lack of negligence of the trooper and that it was "not necessary" to base the dismissal on both grounds. It does not follow, however, that the court could not properly base its dismissal on both grounds as it clearly chose to do. (Appeal from order of Niagara Supreme Court—*res judicata*—dismiss complaint.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Schnepp, JJ.