VINCENT J. AUGUSTINE et al., Appellants, v VILLAGE OF INTER-
LAKEN et al., Respondents.

Fourth Department, July 6, 1979

706

## APPEARANCES OF COUNSEL

*Chamberlain, D'Amanda, Bauman, Chatman & Oppenheimer (Louis D'Amanda* of counsel), for appellants.

*Hickey, McHugh & Garlick (Robert J. Burke* of counsel), for respondents.

## OPINION OF THE COURT

CARDAMONE, J.

The sole issue presented on this appeal is whether a defendant's judgment of conviction following a trial for a traffic infraction may be used by plaintiffs in an ensuing negligence action as the basis for pleading the affirmative defense of collateral estoppel. The question is whether this defendant and two codefendant owners should now be barred from alleging that the defendant driver was free from negligence and whether the defendants should also be barred from alleging that the conduct of the plaintiff driver was in any way culpable. For the reasons which follow, we conclude that a conviction for a traffic infraction may not properly serve collaterally to estop defendants from litigating these issues.

The facts are simple and may be briefly stated. This litigation arose as a result of an intersection accident in the City of Geneva on November 7, 1976. The Interlaken ambulance, driven by defendant Dewey R. Albro, carrying an emergency patient to a local hospital, entered the intersection of North and Genesee Streets against the red light and was struck by an automobile being operated by plaintiff, Vincent J. Augustine. His wife, Donna L. Augustine, a plaintiff passenger, was seriously cut resulting in the loss of sight of one eye. Albro

was issued a court summons for violations of subdivision (c) of section 1104 of the Vehicle and Traffic Law (requiring an emergency vehicle to have red lights on and siren sounding) and subdivision (e) of section 1104 of the Vehicle and Traffic Law (requiring the operator of an emergency vehicle to use due care for the safety of others). Upon a finding, following a nonjury trial in Geneva City Court, that he failed to comply with these subdivisions, Albro was found guilty on January 26, 1977 of violating subdivision (a) of section 1110 of the Vehicle and Traffic Law (failure of an emergency vehicle to obey the instruction of an official traffic control device) and was fined $25. One year later plaintiffs commenced this personal injury action in Supreme Court of Seneca County seeking $600,000 in compensatory and $50,000 in punitive damages.

The defendants, Dewey R. Albro and the owners of the ambulance, Interlaken Volunteer Fire Department and the Village of Interlaken, served an answer which denied liability and pleaded five affirmative defenses including the alleged culpable conduct of plaintiff, Vincent Augustine. The answer also contained a counterclaim against Augustine alleging that he was the person responsible in whole or in part for the accident and demanding a judgment against him "for the full amount of any judgment against these answering defendants or for such proportionate share as represents the amount, degree or kind of negligence, culpability or responsibility attributable to the plaintiff Vincent J. Augustine". Thus, defendants seek indemnification or apportionment of damages against plaintiff driver. Attorneys retained by Augustine's insurance company replied to the counterclaim with a general denial. More than 20 days later these attorneys learned of defendant Albro's City Court conviction and sought leave to amend plaintiffs' reply to include the affirmative defense of collateral estoppel. The proposed amended reply asserts that as a result of the outcome of the City Court action the defendants should be estopped (1) from denying liability, (2) from alleging that Vincent Augustine was responsible for the accident and (3) from denying that Albro failed to comply with the provisions of subdivision (a) of section 1110 of the Vehicle and Traffice Law. Special Term denied plaintiffs' motion to serve this amended reply. From that denial plaintiffs appeal.

An examination of the record in the City Court action reveals that the witnesses at that trial all agreed that when

the ambulance entered the intersection, the red light mounted on its roof was flashing. The conflict in the testimony arises only with respect to whether the siren was sounding at the time. Comparative negligence, proximate cause and the like were not dealt with as they necessarily will be in the pending negligence action. It seems clear, therefore, that the first two claims asserted in the proposed amended reply, i.e., that the defendant is solely liable and that Augustine is free of culpable conduct are not tenable, because the Geneva City Court action did not purport to determine these issues.

The third claim is a more difficult one to resolve because the City Court action specifically determined that defendant Albro drove the ambulance into the intersection against a red light and that this act was not excused by the provisions of section 1104 of the Vehicle and Traffic Law (authorized emergency vehicles). Plaintiffs claim, therefore, that the affirmative defense of collateral estoppel, if they are permitted to plead it, would prevent the defendants from alleging or proving that Albro was free from negligence when he entered the intersection. In New York "there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; *Watts v Swiss Bank Corp.,* 27 NY2d 270). Clearly where a full opportunity has been afforded to prove freedom from negligence or to establish culpable conduct on the part of another, no reason exists to permit a retrial of those issues (*Good Health Dairy Prods. Corp. v Emery,* 275 NY 14, 18). In such a case the doctrine of collateral estoppel may be invoked to prevent their relitigation (*Trombley v Malloy,* 66 AD2d 1020). Here plaintiffs argue that Albro's negligence was determined after a full and fair trial and should be given conclusive effect. We cannot agree.

Tempting as it is to allow Albro's judgment of conviction to be used by plaintiffs in this case, we believe that there are more persuasive arguments against its admission for any purpose in the pending civil action. We say "for any purpose" because if admitted for one, it is in for all. We reach this conclusion in light of judicial construction given legislative intent in this area, decisional law in New York and sister

States, the views of legal scholars writing on this subject and reasons of policy.

■ First, it is settled that this judgment may not be used to impeach Albro's credibility even though conviction for a crime ordinarily may be used to impeach the credibility of a witness (CPLR 4513; Richardson, Evidence [10th ed], § 506). This results from section 155 of the Vehicle and Traffic Law which provides that a conviction for a traffic infraction is not a crime in New York. Violations of the Vehicle and Traffic Law are called "traffic infractions" and are offenses (not crimes) in order to remove, upon conviction, the stigma of criminality *(Squadrito v Griebsch,* 1 NY2d 471, 476). As stated in the statute "[a] traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purposes a penal or criminal punishment and shall not affect or impair the credibility as a witness or otherwise of any person convicted thereof" (Vehicle and Traffic Law, § 155).

■ ■ Second, the judgment is not entitled to be used by plaintiffs as evidence-in-chief to help sustain their burden of proof with respect to defendant Albro's negligence. We note, parenthetically, that we are not concerned here with the long-settled rule in New York that a *plea of guilty* to a traffic infraction is admissible in a later negligence trial as an admission against interest *(Ando v Woodberry,* 8 NY2d 165). Rather, we focus on the reach and intent of section 155 of the Vehicle and Traffic Law. That section has been construed to prevent the disclosure of a conviction for a traffic infraction on the ground that the statute expresses a broad public policy not to employ it as evidence-in-chief to establish negligence in the civil action. The reason supporting that view is that to make such use of it "is likely to impair the right of a defendant to a fair trial on the issue of civil negligence" *(Walther v News Syndicate Co.,* 276 App Div 169, 175). The Court of Appeals has said that in enacting this statute (Vehicle and Traffic Law, § 155) "the Legislature recognized the weakness of evidence of a traffic infraction as proof of facts which may have been involved" *(Matter of Hart v Mealey,* 287 NY 39, 43). Thus, the offensive use of a determination of a "traffic court" has not been favorably received in this State. To the extent raised in the appellate courts, plaintiffs seeking to establish a defendant's negligence by introducing proof of his prior and related traffic court conviction have met with little success (see *Montalvo v Morales,* 18 AD2d 20; see, also,

*Walther v News Syndicate Co., supra; Merkling v Ford Motor Co.,* 251 App Div 89, 96; *Roach v Yonkers R. R. Co.,* 242 App Div 195; cf. *Knibbs v Wagner,* 14 AD2d 987).

■ ■ Third, we consider the use of this judgment of conviction collaterally to estop Albro from claiming that he was free from negligence. Immediately we recognize that a judgment of conviction is ordinarily admissible in a later civil suit involving the same issues. Thus, a misdemeanor conviction for filing a false claim was held to be admissible in an action on the policy *(Schindler v Royal Ins. Co.,* 258 NY 310) and a conviction for abandonment was also held to be admissible to defeat a husband's attempt to gain control of his wife's estate *(Matter of Rechtschaffen,* 278 NY 336). It has been held, however, that a conviction of guilt after a trial for a traffic infraction is not admissible in the later negligence action *(Montalvo v Morales,* 18 AD2d 20, *supra).* This is the present status of the law in New York and in a number of sister States which also exclude a judgment of conviction for a traffic infraction either by statute (see, e.g., Cal Vehicle Code, § 40834; Iowa Code Ann, § 321.489; Min Stat Ann, § 169.94) or by case law (e.g., *Simpson v Robinson,* 238 Pa Super Ct 555; *Scott v Robertson,* 583 P2d 188 [Alaska]; *Keebler v Willard,* 91 Ga App 551; *Bolen v Buyze,* 16 Mich App 252; *Gray v Grayson,* 76 NM 255; see cases collected in 18 ALR2d 1287, 1295).

In *Montalvo (supra)* the court recognized that its holding was an exception to the rule followed by the Court of Appeals in *Schindler (supra)* and *Rechtschaffen (supra).* It distinguished those cases stating that the rationale underlying their admission was that they were considered to be surrounded by adequate procedural and substantive safeguards to recommend reliance upon them *(Montalvo v Morales, supra,* p 25). This practical consideration is persuasive. Plainly traffic courts are neither designed nor equipped to become the crucial forum in a negligence suit. In the latest reporting year there were 1,142,057 traffic infraction *convictions* recorded by the New York State Department of Motor Vehicles (1977 Motor Vehicle Statistics, p 53). Obviously with this incredible volume of convictions, the vast majority must routinely be handled by traffic courts in as expeditious a manner as possible. Since charges for traffic infractions rarely present a strong motive to defend (as noted defendant Albro's fine for this traffic infraction was only $25) the proceeding is ordinarily not conducted with the care and deliberation sufficient to

commend its later use in the civil action. The proceeding often culminates in conviction by consent, rather than by trial. The leading textwriters consider it sound policy to exclude the traffic infraction conviction from the general rule of admissibility (Richardson, Evidence [10th ed], § 348; Fisch, New York Evidence [2d ed, 1977], § 960; McCormick, Evidence [2d ed, 1972], § 318).

Notable, also, in this case is the injustice to the two codefendant owners, the Village and Volunteer Fire Department of Interlaken, were we to hold that the facts relating to negligence were conclusively established in the Geneva City Court action. This follows in light of the fact that while they may be held liable for up to $650,000 in compensatory and punitive damages as a result of the City Court finding, they had neither an opportunity to intervene in that action, nor did they have standing to appeal from it. More importantly, such holding would also deny these same codefendants their constitutional right to a trial by jury guaranteed them under section 2 of article I of the New York State Constitution (CPLR 4101, subd 1).

Further, to admit this judgment of conviction as mandated conclusive proof *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304-305) on one issue of the several involved in the negligence case, invites a piecemeal approach to the determination of such issues in civil litigation inconsistent with their orderly, impartial and fair resolution. In the interest of insuring a fair and impartial civil trial, scholarly commentators have urged that the judgment of conviction of a traffic infraction be excluded from evidence in the ensuing civil action (Expanding Collateral Estoppel Doctrine and Convictions for Traffic Offenses, 53 Ore L Rev 94, 100; Admissibility of Traffic Conviction as Proof of Facts in Subsequent Civil Action, 50 Col L Rev 529, 530; Admissibility in Evidence in a Civil Action of Party's Conviction of Traffic Infraction, 35 Cornell LQ 872, 882).

In short, for sound reasons of policy—because of impracticality of a traffic court as forum, possible injustice to codefendants and detrimental effect on the fair and impartial resolution of civil litigation—as well as those already stated, we conclude the defendant's judgment of conviction for a traffic infraction may not be pleaded as collateral estoppel in this negligence action.

The order should be affirmed.

DILLON, P. J., SIMONS, CALLAHAN and MOULE, JJ., concur.

Order unanimously affirmed, with costs.