The issue on this appeal is whether the fact that the defendant Douglas David Farabee paid without contest a fine based on a traffic citation for failing to yield the right of way is admissible in a subsequent personal injury action brought against him as a result of an accident allegedly resulting from that failure to yield. The trial court ruled that this evidence was not admissible. We disagree and reverse.
The facts of this case are simple, and, for purposes of this appeal, largely undisputed. *Page 886 
On February 21, 1979, Farabee attempted to make a left turn at an intersection and failed to see an approaching motorcycle driven by plaintiff Jackie Wayne Durham. Durham's motorcycle struck the side of Farabee's car and Durham sustained numerous personal injuries, for which he brought suit.
As a consequence of the accident, Farabee was issued a traffic citation for failing to yield the right of way. He subsequently paid a fine based on the citation, paying at the Birmingham Municipal Court, and this payment of the fine was, in effect, a plea of guilty to the citation. The trial court refused to allow Durham's attorney to present to the jury proof of the payment of this fine. The jury returned a verdict for Farabee. Durham contends that the failure to allow the evidence of the payment of the fine was error.
Generally, a person's conviction in a criminal case is admissible against him in a civil action to show that he did the act for which he was convicted. Yancey v. Farmer,472 So.2d 990 (Ala. 1985):
 "As a general rule a person's conviction in a criminal case is admissible against him in a civil action to show that he did the act for which he was convicted. If, however, the accused is entitled to a trial de novo in circuit court on an appeal of a district court conviction, the district court's judgment of conviction is vacated by such an appeal and the district court conviction is not admissible to prove that the accused did the act he was accused of. [C. Gamble,] McElroy's Alabama Evidence, §§ 269.05 (1), -(4) [3d ed. 1977]."
Some courts have created an exception, and refuse to allow convictions for traffic violations into evidence as proof of negligence. Keebler v. Willard, 91 Ga. App. 551, 86 S.E.2d 379
(1955); Bolen v. Buyze, 16 Mich. App. 252, 167 N.W.2d 808
(1969). The reason for this exclusion is that, "[f]aced with a small penalty for a petty infraction, the driver may not have defended with vigor, and the quality of justice accorded him in the traffic court may be open to question." Note, Admissibilityof Traffic Convictions as Proof of Facts in Subsequent CivilAction, 50 Col.L.Rev. 529, 530 (1950); see, Loughner v.Schmelzer, 421 Pa. 283, 218 A.2d 768 (1966). Other courts, however, have followed the general rule even where traffic violations are involved. In Kelch v. Courson, 103 Ariz. 576,579, 447 P.2d 550, 553 (1968), a case involving facts very similar to those presented here, the Arizona Supreme Court stated:
 "Plaintiffs also maintain that the trial court erred in refusing their requested instruction No. 12 to the effect that defendant's plea of guilty, in traffic court, to a violation of a statute enacted for the safety of the public `is evidence of negligence per se.' Plaintiff proved that defendant had pleaded guilty to the citation he had received for making an improper left turn. It is a well-settled rule that a plea of guilty in a criminal case is admissible in evidence in a civil case involving the same issues. Hays v. Richardson, 95 Ariz. 263, 389 P.2d 260 (1964).
 "It was not error to refuse to give the instruction that such plea was evidence of negligence per se. Such an instruction would be singling out a portion of the evidence. It would nullify any explanation of a witness as to why he entered a plea of guilty. Evidence of the plea should be admitted, and it is for the jury to determine the proper weight to be given to it. It is only an evidentiary fact admitted for the consideration of the trier of the facts."
As stated in C. Gamble, McElroy's Alabama Evidence § 269.05 (1) (3d ed. 1977):
 "A person's conviction in a criminal case, whether his plea therein was guilty or not guilty, is admissible against him as a general rule, in a civil case as tending to show that he did the act for which he was convicted, if such act is material to be proved in the civil action." (Citations omitted; emphasis added.)
"McElory's goes on to state in Section 269.05 (2): *Page 887 
 "Some commentators and judges have suggested that even in a state whose general rule admits against a party to a civil action his criminal conviction after trial on a plea of not guilty, as tending to prove that he did the act of which he was convicted, a conviction of a traffic violation should not be admitted. However, the trend in this area appears to be towards a recognition that no distinction should be made between a conviction of a traffic violation and any other violation or conviction."
We feel that this is the better reasoned view. A defendant charged with a traffic violation may decide it is more convenient to simply pay the ticket, rather than vigorously defend himself. Whether he went to trial or merely paid the fine does not make any difference. The fact that he is convicted and does pay a fine should not determine whether that fact is admissible as evidence against him. He is always free to explain the circumstances of his decision to the trier of fact. It is the role of the trier of fact to determine what weight should be given to the evidence.
Because we resolve this issue in Durham's favor, we decline to address his other contentions. The judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.