These appeals arise from two civil actions filed against Cups Coal Company, Inc., and Herman T. Mulvehill by two separate plaintiffs, the Tennessee River Pulp Paper Company and Helen Moss, alleging injury resulting from trespass to property and conversion of coal as a result of the defendants' stripmining operation.[1] The two actions were consolidated for the purposes of trial, and, after a lengthy presentation of evidence before a jury, verdicts awarding both compensatory and punitive damages were returned against the defendants in both cases. The trial court subsequently entered judgments against the defendants on the basis of the verdicts rendered by the jury and denied the defendants' various post-trial motions, including motions for judgments notwithstanding the verdicts and for new trials in both cases. The defendants appeal from these and other adverse rulings of the trial court, and we have consolidated these appeals for the purpose of writing one opinion. For the reasons set forth below, we reverse the judgments of the trial court in both cases and remand for new trials.
The defendants raise well over 150 separate allegations of error of the part of the trial court, most of which are patently without merit. In regard to one particular, however, we are compelled to agree with the defendants that they are entitled to new trials.
This error involves commentary by opposing counsel concerning a prior conviction of the defendant Herman T. Mulvehill. This conviction was rendered in the Blount Circuit Court sometime before the civil actions that are the basis of these appeals. The factual circumstances leading to the criminal conviction, however, were identical to those for which civil liability was sought in the instant cases, that is, the same acts were the subject of both a criminal prosecution and these subsequent civil suits.
During the opening statement by counsel for one of the plaintiffs, the record reflects that remarks were made to the effect that counsel "expected the evidence to show that Herman Mulvehill was tried and convicted in this Court of theft of the coal involved in this case." This statement was the subject of a motion for a mistrial by the defendants on the basis that it was irrelevant and that it impermissibly prejudiced the defendants. The trial court overruled *Page 934 
this motion and subsequently denied the defendants' motions for new trials in the two cases. Among the grounds cited as error in the motions for new trials was the allegedly prejudicial commentary of the plaintiffs' counsel.
Although a prior criminal conviction can be used in a subsequent civil suit arising out of the same transaction as substantive, though not conclusive, evidence that the acts underlying the crime were committed, see, e.g., Durham v.Farabee, 481 So.2d 885 (Ala. 1985); Fidelity-Phenix Fire Ins.Co. of New York v. Murphy, 226 Ala. 226, 146 So. 387 (1933) (dicta), such a conviction is inadmissible as substantive evidence if an appeal of the conviction is pending, id.; C. Gamble, McElroy's Alabama Evidence § 269.05(5), at 606 (3d ed. 1977), or if the judgment of conviction is vacated by such an appeal, as where an appeal is made from district court to the circuit court for a trial de novo. Durham, supra; Yancey v.Farmer, 472 So.2d 990 (Ala. 1985). Therefore, because Mulvehill appealed his conviction, and because that appeal was still pending at the time of the civil trial,[2] the admission of this conviction as substantive evidence that the defendants committed the acts on which the civil suits were founded would have been error.
The evidentiary foundation for excluding such testimony is its irrelevance. Fidelity-Phenix Fire Ins. Co. of New York,supra. A conviction that has been appealed does not represent the final adjudication of the factual matters in issue and consequently has little or no probative value. See Stinson v.Richardson, 239 Ala. 161, 194 So. 508 (1940). Therefore, it must be excluded as substantive evidence. See generally Annot., 18 A.L.R.2d 1287, 1298-99 (1951).
The issue with which we are presented, therefore, is whether opposing counsel's remarks in his opening statement regarding the inadmissible prior conviction so prejudiced the jury that reversible error may be predicated on the trial court's refusal to grant the requested new trials.
We think that our case of Horton v. Continental Volkswagen,Inc., 382 So.2d 551 (Ala. 1980), requires that we agree with the defendants that error was indeed committed in this case.
 "Of course, it is a truism that opening statements are not evidence. Wilkey v. State ex rel. Smith, 238 Ala. 595, 192 So. 588 (1940). Nevertheless, counsel may not by an opening statement introduce immaterial and prejudicial matter. Brown v. Leek, 221 Ala. 319, 128 So. 608
(1930). On this subject much is left to the discretion of the trial court, whose discretion is subject to review only when abused to the prejudice of the complaining party. State v. Hargrove, 282 Ala. 13, 208 So.2d 444 (1968). In this case the trial court overruled the objections to these portions of the opening statement. . . . The trial court was incorrect in overruling these objections because the remarks necessarily contain the aspects of [inadmissible matters]. . . . Because this statement was prejudicial and not eradicated, the cause must be, and is, reversed and remanded."
Id. at 552.
As in Horton, the trial court in the instant case overruled objections to the reference to this prior conviction and allowed the reference to go to the jury without any specific curative instruction in response to counsel's remark. We think, therefore, that the uneradicated effect of this remark was to invite the jury to consider the prior conviction as substantive evidence that the defendants committed the acts complained of in these subsequent civil actions. As noted previously, this is a purpose for which the evidence cannot be used.
The plaintiffs, however, argue that no prejudice could have resulted from this remark. They point to the fact that the prior conviction was properly admissible as impeachment evidence and argue that, because Mulvehill took the stand to testify, *Page 935 
any improper reference to the prior conviction was rendered harmless, because it was properly used under the "other purpose" doctrine to impeach a testifying witness. See generally C. Gamble, McElroy's Alabama Evidence § 12.01, at 11 (3d ed. 1977) ("multiple admissibility"). We disagree.
The plaintiffs are correct in their assertion that the prior conviction was admissible for the purpose of impeachment. Although the appeal of such a conviction bars its use as substantive evidence, an appeal does not affect a prior conviction's admissibility as impeachment evidence. See C. Gamble, McElroy's Alabama Evidence § 145.01(12), at 305 (3d ed. 1977). Moreover, our state courts have generally allowed the widest latitude in the admission of prior convictions under the applicable statute, and there is no requirement that a trial court weigh the prejudicial impact of such convictions against their probative value in testing the witness's credibility.[3] Under Alabama law, therefore, a prior conviction for a crime of moral turpitude arising out of the same transaction as that in issue in a subsequent civil suit may be admitted for the purpose of impeachment, even though it could not be used as substantive evidence due to a pending appeal.
That there was a permissible purpose for which this evidence could have been used, however, does not negate the fact that the challenged opening statement positively invited the jury to consider the evidence for an impermissible purpose. Cf. Young v. Bryan, 445 So.2d 234 (Ala. 1983) (closing argument improper for same reason). The trial court did not limit the comment's impact upon counsel's objections to it, and our review of the record convinces us that the jury was under the mistaken impression that they could consider the prior conviction as substantive evidence in this case.
In this regard, we note that counsel for one of the plaintiffs again emphasized on closing argument the prior comment in the opening statement by saying, "[My co-counsel] has said he will prove that Mulvehill was convicted of theft in the first degree of coal on the subject property." As with the opening statement, this argument was an open invitation to use the prior conviction as substantive evidence, and it is a further indication that the error complained of was not harmless, but instead inclined the jury toward the prejudicial misuse of the prior conviction. Although it is true that the trial court gave a limiting instruction in its charge to the jury regarding the use of prior convictions to test witness credibility,[4] we do not think that this instruction eradicated the negative impact of opposing counsel's opening statement. Cf. Young v. Bryan, supra (general limiting instructions ineffective to eradicate prejudicial closing arguments, because they did not promptly point out counsel's impropriety in making the argument). It is one thing to impeach the credibility of a witness by introducing a prior conviction after that witness has taken the stand and arguing the credibility of that witness in light of that evidence; it is quite another thing to attempt to represent such evidence to the jury as virtually a part of the case in chief. In the "pure" impeachment context, the instruction given by the trial court is the accepted method by which juries are guided toward the proper use of the evidence before them, and no error could be asserted based on proper reference to such evidence. In the instant case, however, the *Page 936 
trial court's instruction simply did not eradicate the harmful influence introduced by counsel's opening statement, an influence that we believe permeated the entire trial. Accordingly, we reverse the trial court's judgments and remand these causes for new trials.
Naturally, any new trial should be conducted in conformity with the principles outlined in this opinion. If the conviction is still on appeal at the time of trial, the trial court should guard against its admission as substantive evidence, and trial counsel should avoid any references to that effect. Moreover, should the defendant again take the stand, clear limiting instructions should be given the jury to minimize potential misuse of the prior criminal conviction. Though not a requirement, court and counsel might profitably consider the use of a two-part limiting instruction in this regard, an instruction that outlines both the permissible and the impermissible uses of the evidence. Such an instruction would inform the jury that, while the prior conviction could not be used as substantive evidence that the defendants committed the acts complained of, it is admissible as going to Mulvehill's credibility, and only to his credibility. A two-part instruction in the impeachment context was approved in Randolph v. State, 348 So.2d 858, 863
(Ala.Crim.App. 1977), cert. denied, 348 So.2d 867 (Ala. 1977), and it has been convincingly argued that two-part instructions will limit the prejudicial impact of all "other purpose" evidence, such as that implicated in this case. See C. Gamble G. Windle, Subsequent Remedial Measures Doctrine inAlabama: From Exclusion to Admissibility and the Death ofPolicy, 37 Ala.L.Rev. 547, 559-63 (1986).
For the foregoing reasons, the judgments are reversed and the causes remanded for new trials.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] Herman T. Mulvehill served as president of Cups Coal and was its sole stockholder. Tennessee Pulp Paper claimed ownership of the surface rights to the property at the center of this dispute; Helen Moss claimed the mineral interest.
[2] It was in fact still pending in the Court of Criminal Appeals at the time this opinion was written.
[3] The governing statute is Ala. Code (1975), § 12-21-162. Under this statute, "[i]f a crime involves moral turpitude it is never necessary to weigh the probative value of the evidence against its prejudicial impact. Indeed, even when the crime used for impeachment is identical or almost identical to the crime for which the defendant is on trial, and the possibility of prejudice is therefore greatest, Alabama courts have not questioned the use of other crimes evidence." W. Schroeder, J. Hoffman, R. Thigpen, Alabama Evidence, § 6-6, at 217 (1987).
[4] The trial court's charge was as follows:
 "Ladies and Gentlemen, the credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime involving moral turpitude. Evidence has been introduced that Herman Mulvehill had been convicted of a crime involving moral turpitude. If you are reasonably satisfied from the evidence that the witness, Herman Mulvehill, has been convicted of a crime involving moral turpitude, such evidence goes to the credibility of this witness, and you may consider it along with all the other evidence in determining what weight you will give his testimony."